## HOWTH v. CITY OF BEAUMONT.
### No. 2686.

Court of Civil Appeals of Texas. Beaumont.
Nov. 25, 1936.

Rehearing Denied May 25, 1938.

Howth, Adams & Hart and Nall & Weller, all of Beaumont, and A. Milton Vance, of Houston, for appellant.

M. L. Lefler, City Atty., and E. B. Votaw, Asst. City Atty., both of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was filed by appellee, City of Beaumont, against appellants, C. W. Howth, et al., to recover certain delinquent taxes for the years 1919-1930 validly assessed against the following described real estate:

"First Tract: The north 50 x 60 feet of Lot 177, of Block 38, of the original townsite of the City of Beaumont, Jefferson County, Texas;

"Second Tract: An undivided one-half interest in and to lots No. 299 and 300 of Block 48 of the original townsite of Beaumont, Jefferson County, Texas."

and certain "personal property", owned by Mr. Howth, and to foreclose appellee's tax lien against Mr. Howth and the other named defendants. The defendants except Mr. Howth were made parties on the allegation that they were asserting some sort of claim to the property. Appellant Howth answered by general demurrer, general denial, etc., and further, quoting from his brief:

"Appellant answered by alleging that the taxes were void because the assessments upon which they were based were void, alleging that during each of the years for which taxes were sought to be recovered, the governing body and tax officials of the city discriminated against appellant and all other owners of real estate in the city by deliberately pursuing an illegal plan and system of taxation, consisting of omitting from the assessment rolls, and thus exempting from taxation, the more substantial portion of all taxable personal property situated in the city. Appellant alleged that on account of the exemption from taxation of hundreds of thousands of dollars worth of taxable personal property having its situs within the city, he and other owners

of real estate were required to pay for taxes on such real estate amounts far in excess of the amounts they would have had to pay were all taxable property in the city assessed for taxes.

"Appellant further alleged various discriminations by the City in favor of certain owners of real estate. He alleged that in some instances the taxes sought to be recovered were levied at rates in excess of those permitted by the Home Rule Charter of the City, and various discriminatory practices of the City in making the assessments were alleged to be in violation of the requirements of the constitution and statutes of the State and of the city charter requiring all property to be taxed and requiring that taxation be equal and uniform, and in violation of the provisions of the fourteenth amendment to the federal constitution guaranteeing to citizens equal protection of the law.

"Appellant further alleged that he was ready and able to pay such taxes as might be due by him upon his property should the system· contemplated by the constitution, statutes and city charter be followed in making the assessments. He prayed that the City be denied any recovery against him, or in the alternative that the suit of the City be stayed until re-assessment had been made as provided by the city charter, so that after the re-assessment of all taxable property situated in the city the amount properly due upon real estate might be determined".

The trial was to a jury and on conclusion of the evidence the trial court instructed a verdict against the defendants in favor of appellee for the relief prayed for. The appeal has been duly prosecuted by Mr. Howth from the judgment entered on the instructed verdict.

Appellant concedes that the taxes charged against his property were regularly levied and assessed. On his special defenses the evidence established the following fact conclusions:

First, the real estate in the City of Beaumont, including the property of appellant, was assessed on the basis of 70% of its value, except certain real estate belonging to fraternal societies and hospitals, which was assessed at 50% of its value—the assessment of this property was based upon a showing made to the board of equalization by the owners that this property was dedicated in part to charitable uses.

Second, the indisputed evidence was to the effect that for the years 1919-1930 the tax assessor of the city of Beaumont, quoting from appellant's second proposition, "with the consent and approval of the city officials made no effort whatever to assess for taxation money on deposit in banks, vendor's lien and mortgage notes, household goods and furniture, musical instruments, radios and jewelry, and * * omitted from the assessment rolls personal property of all kinds except only such small portion of such personal property as casually came to his knowledge, or was voluntarily rendered by the owner, so that several millions of dollars worth of the taxable personal property of the city belonging to many citizens of the city thus was exempted from taxation during all of said years, the result of which was to place upon the owners of real estate a much greater tax burden than would have been imposed had the city officials exercised reasonable diligence to assess all property in the city subject to taxation". There was no order or resolution by the city council of the City of Beaumont exempting from taxation the property described in appellant's second proposition, nor was there any instruction by the executive department of the City of Beaumont to the tax assessor and collector to omit such property from the tax rolls of the city. However, it was the custom of the tax assessor and collector to accept as correct the renditions made by property owners, without making any attempt to discover whether other assets owned by the same owners were included in the renditions, and his failure to take any steps to assess other valuable assets of which he had knowledge, or in the proper discharge of his duties should have been discovered—amounted in law to an intention to allow the omitted or unassessed assets to escape taxation altogether and, therefore, amounted to an intentional discrimination against the owners of property that was properly assessed. The same conclusion should be drawn from the acts and conduct of the board of equalization in approving the tax rolls of the City of Beaumont. The conduct of the tax assessor and collector in connection with the tax renditions was known to the city council in fact or at least the circumstances were such as to give the city council notice of the manner in which the property was rendered and that the property enumerated in appellant's second proposition was not rendered for taxes.

Third, no duty was imposed by the charter of the City of Beaumont, or by its ordinances, or by the general tax laws of the state of Texas, upon the city council of the City of Beaumont, or its board of equalization, to require the tax assessor to place on the rolls other property which had been omitted therefrom; and no such duty was imposed by law upon the tax assessor and collector.

## Opinion

Appellant has summarized his first six propositions by the following general proposition: "The intentional omission from the assessment rolls of the vast amount of personal property has the effect to invalidate the assessment."

The very issue presented by appellant's proposition was before the court in City of Wichita Falls v. J. J. & M. Taxman Refining Co., Tex.Civ.App., 74 S.W.2d 524, writ refused, on facts on all fours with the facts of this case. In that case the court made the following fact finding (page 530): "Upon a further review of the record, we have reached the conclusion that the testimony of the tax assessor, to the effect that his custom was to accept as correct the renditions by property owners without making any attempt to discover whether other assets owned by the same owners were included in the renditions, and his failure to take any steps to assess other available assets of which he had knowledge, or in the proper discharge of his duties should have been discovered—all was legally sufficient to support an implied finding by the trial court that such failure of duty on the part of the assessor amounted in law to an intention to allow the omitted assets to escape taxation altogether, and, therefore, an intentional discrimination against the owners of property that was properly assessed. However, after a further examination of the charter of the city of Wichita Falls, we are convinced of the correctness of our former conclusion, to the effect that no duty was imposed by it upon the board of aldermen or the board of equalization to require the tax assessor to place on the rolls other property which had been omitted therefrom; the extent of their duties being to see to it that the property appearing on the rolls submitted to it by the assessor was assessed at its reasonable market value and on an equality basis."

In the Taxman Case the court, after reviewing many authorities on the point in issue, announced the following conclusion: "We believe it is clearly deducible from all the decisions * * * that the government does not lose its right to taxes justly owing on one parcel of property, by reason of the failure of its officers, either, negligently or designedly, to assess other property that is likewise taxable."

■ We concur with the conclusion of the court in the Taxman Case that the intentional omission from the tax records of the City of Beaumont by its tax officers of the personal property enumerated in appellant's second proposition did not invalidate the assessment against appellant's property in controversy in this suit.

■ *Appellant* asserts the proposition that, by the omission of the personal property enumerated in his second proposition, his real estate was charged with excessive taxes, and that his property should be reassessed upon a general valuation including the personal property. There was no proof offered to support this proposition, that is, there was no proof before the court to sustain a re-assessment or upon which the court could have made a re-assessment.

■ In the assessment against appellant was certain property described only as "personal property". The authorities do not support appellant's proposition that this description of the property was too indefinite and general to create a tax charge against him. Cooley on Taxation, 4th Edition, Vol. 3, p. 2361, Sec. 1174; 61 C.J. 712, Sec. 880.

■■ The charter of the City of Beaumont contains the following provision:

"Section 16. Revenue and Taxation. "The City of Beaumont shall have the power:

"(1) To Annually levy and collect a tax not to exceed One Dollar and Twelve Cents ($1.12) on each One Hundred ($100.00) Dollars valuation of all property within the city limits subject to taxation, the same to be assessed, levied, collected and used for the maintenance and operation of the city government, and apportioned among the several departments, as follows:

Department of Law.........$.01 rate, provided that the revenues derived from the fines and fees collected in the corporation court shall be retained in the department of law for its maintenance and operation, and said .01 cent rate for said de-

partment shall never be resorted to except in the event the revenues derived from said corporation court shall be insufficient for the proper maintenance and operation of said department; and provided further that any surplus in said department at the end of any fiscal year may be transferred to any other department in need of additional funds, or, if no such need exists, to the general fund.

Department of Public Service..$ .55 rate
Department of Public Welfare.. .13 rate
Department of Public Safety.... .35 rate
Department of Finance........ .04 rate
General Fund................. .04 rate

"(3) The tax rate heretofore fixed, levied and being annually collected for all school purposes in the City of Beaumont is by this charter validated; and the tax rate heretofore fixed and being anually levied and collected for the payment of interest on and creating a sinking fund for the retirement of bonds of all descriptions heretofore issued by the City of Beaumont is by this charter validated; and the city is also authorized to levy additional taxes for interest and sinking fund on all bond issues hereafter made by vote of the people, and any additional taxes for school purposes, provided, however, the aggregate taxes levied shall never exceed the constitutional limits."

On the trial the parties entered into the following agreement: "It is agreed that the ordinances levying taxes were duly adopted for each of said years in the manner and form alleged in detail in plaintiff's petition."

Reference to the plaintiff's petition shows the following: In paragraph 16 thereof it is alleged:

"That plaintiff by virtue of the power and authority conferred upon it by its charter did, through its City Commission, by ordinances duly passed, fix a rate of taxation and levy the same for the year 1929, said ordinances providing for the assessment, levy and collection on each one hundred dollars valuation of property in the City of Beaumont, the following tax:

For the General Fund...........$ .83".

And in paragraph 17 of plaintiff's petition it is alleged:

"That plaintiff by virtue of the power and authority conferred upon it by its charter, did, through its City Commission, by ordinances duly passed, fix the rate of taxation and levy the same for the year 1930,

said ordinances providing for the assessment, levy and collection on each one hundred dollars valuation of property in the City of Beaumont, the following tax:

For the General Fund...........$.65"

Upon this statement appellant advances the following proposition attacking the ordinance fixing the rate of taxation and levying taxes for the years 1929-1930: "Where the charter of the City of Beaumont confers upon the City Commission power to levy a tax for the 'general fund' of not to exceed four cents upon the one hundred dollars of valuation, the levy by the city for the 'general fund' for the year 1929 (and also for the year 1930), of a tax at the rate of eighty-three cents per one hundred dollars' valuation is void to the extent of the excess, and the city is not entitled to recover from an owner of real estate taxes upon such illegal levy."

This proposition presents a mere irregularity in the levying and assessing of taxes for the years 1929-1930. The total tax assessed was well within the charter powers of the City of Beaumont, and appellant cannot complain that the ordinance levying the taxes for the years 1929 and 1930 did not allocate the taxes in the proportion and the amounts specified in the charter. When collected, the city taxes could be used by its different departments only in the proportion fixed by its charter. If the city violated or undertook to violate its charter in the allocation of the taxes collected by illegally taking from one department and giving to another department, the law furnished the taxpaying citizens of the City of Beaumont a remedy against such illegal expenditure of the taxes, but that remedy does not give the individual citizen the right to defeat the tax assessment against his property.

The tax officials of the City of Beaumont, in fixing the tax rate, took into consideration possible delinquencies in the payment of taxes generally. This practice by the city officials did not invalidate the assessment against appellant's property. There is nothing in the statute laws of the state, nor in the charter of the City of Beaumont, denying to the tax officials this power. In 44 Corpus Juris 1289, Sec. 4316, it is said:

"Deficit tax.—In the absence of statutory or charter restrictions, a municipality may assess the deficiency of the preceding year in the next, or may levy a tax to pro-

354

vide for a prospective deficiency; and in some jurisdictions, there are express statutory and charter provisions for the levy of a deficit tax to make up for uncollected taxes of past years."

See, also, Bassett v. City of El Paso, Tex.Civ.App., 28 S.W. 554; Wilson v. City of Covington, 220 Ky. 795, 295 S.W. 1069.

From what we have said it follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.