**Ernest BEGERT et al., Appellants,**

v.

**R. T. ALEXANDER et al., Appellees.**

**No. 6659.**

Court of Civil Appeals of Texas. Amarillo.

Jan. 7, 1957.

Rehearing Denied Feb. 4, 1957.

Crow & Crow, Canadian, for appellants.

Braly & Braly, Sturgeon & Thompson, J. B. McGuire, Jr., John F. Studer, Pampa, Hill & Adkins, Shamrock, for appellees.

NORTHCUTT, Justice.

This was an action brought by R. T. Alexander et al., as plaintiffs, against Ernest Begert et al., as alleged trustees of the Allison Independent School District, as defendants seeking a temporary injunction enjoining the defendants in their capacity as trustees from assessing any values for tax purposes upon any of the plaintiffs' properties situated within the confines of said school district and from levying and collecting any tax upon such property; and also from approving, issuing and selling any school district bonds theretofore approved by the qualified voters of said school district.

The trial court in its order made the following findings:

"* * * the court finds and holds that the plaintiffs are entitled to a temporary injunction order against the defendants, but only in the particulars as more particularly set out herein.

"The court further finds that said temporary injunction should issue for the following further reasons, to wit: That the hearings set and attempted to be had by the Equalization Board, appointed by the Allison Independent School District, were not properly held according to the evidence produced at this hearing, in that the attempted hearings seemed to be mostly in a state of confusion, and it was not clear to the court that any of the plaintiffs in this cause were given a hearing relative to the values being assessed against their properties situated in said school district; that the rendition sheets introduced in this cause, and as explained to the court, were prepared by each of the Wheeler and Hemphill County Tax Assessors, who had been appointed by the school district to handle the same, from rolls contained in their respective offices, and submitted to the Equalization Board for that Board's use in arriving at the valuations attempted to be placed thereon; that the Equalization Board at some time before or after the dates of the hearings set made notations on each of these rendition sheets which indicated that on the lands described therein they apparently placed values per acre which when totaled in another column was a different value to that placed *theron* at the rate per acre, and was explained as being 40% of the total value of the land. This method of arriving at the assessed value is not in the opinion of this court the legal manner of arriving at the actual market value of the property; these assessments attempted to be made further fixed arbitrary values on cows at $40.00 per head, bulls at $70.00 per head, and other livestock on a basis per head, and other livestock on a basis per head as shown by the plaintiffs' Exhibit '1', which was used for that purpose. These values were apparently considered on a basis of 100% valuation instead of 40% as shown for the lands; that this method of arriving at the assessed values in these instances were contrary to the Constitution of the State of Texas and the statutes which require that the valuations are to be arrived at on a basis of a reasonable cash market value; that the schedule heretofore mentioned as Plaintiffs' Exhibit '1' placed values on other properties listed, such as tractors, pick-ups, trucks and cars at a valuation considered at 100% valuation of such properties; that said Equalization Board did not assess any moneys, bonds or household furniture held and owned by parties living within said school district; that this action, if allowed to be considered as assessments on the plaintiffs' properties, both real and personal, situated in such school district, without a proper hearing before said Board, would or might result in substantial injuries to the plaintiffs.

"The court further finds that the proof introduced by the plaintiffs was not sufficient to sustain their allegations concerning the election which created the Allison Independent School District, and the bond election, and that their petition in regard to these elections should be denied."

The trial court then made the following order or judgment:

"It is therefore ordered, adjudged and decreed by the court that the defendants, acting in their capacity as trustees for the Allison Independent School District, namely, Ernest Begert, Glen Elmore, James Hall, Millard Donaldson, Rex Miller, Bob Markham and Ray Brown, and their successors, be, and they are hereby temporarily enjoined, during the pendency of this suit, from assessing, or attempting to assess, any values for tax purposes upon any of the plaintiffs' properties situated within the confines of said Allison Independent School District, based upon the assessment sheets and valuations fixed and placed thereon by the Equalization Board heretofore appointed by said trustees, said Board being A. Dillon, Rayburn Hall and Roy Morse, and from levying or collecting any tax upon any of the plaintiffs' properties based upon such values as so fixed, or attempted to be fixed, by said Equalization Board.

"The defendants, and each of them, as trustees aforesaid, and their successors are also temporarily enjoined, during the pendency of this suit, from approving, issuing and selling any School District Bonds which have heretofore been approved by the qualified voters of the said Allison Independent School District, which said election was canvassed by the said Board of Trustees and the result thereof declared on May 9, 1956.

"It is further ordered, adjudged and decreed that the clerk of this court issue a Writ of Temporary Injunction pending final hearing and determination of this cause; said writ to be accompanied by a true and correct copy of this order.

"It is further ordered, adjudged and decreed that before said writ of Temporary Injunction shall be issued by said clerk aforesaid, the plaintiffs, or either one of them, as principal, are directed to execute and file with the clerk of this court a bond payable to the adverse parties, with two or more good and sufficient sureties, to be approved by the Clerk of this Court, in the sum of $750.00, conditioned that the applicants will abide the decision which may be made in this cause and that they will pay all sums of money and costs that may be adjudged against them if the temporary injunction should be dissolved in whole or in part. Upon the filing and approval of said bond, said writ of Temporary Injunction shall issue by the Clerk of this Court as herein ordered."

The bond demanded by the trial court was made and approved as required. From this judgment the defendants perfected this appeal. The defendants will hereafter be referred to as appellants and the plaintiffs as appellees.

 Since the conclusions reached by the trial court as above set out are controlling upon this appeal we will not discuss the separate points raised by appellants without discussing the evidence introduced at the hearing; suffice it to say there was sufficient evidence to substantiate each of the findings of fact as made by the trial court. The record is also clear that the appellees were not permitted a proper hearing before the Board of Equalization as to the value of their property but the Board arbitrarily set the values they had already

placed upon the property and refused to hear the evidence of the appellees as to the value of their property.

■ The constitutional and statutory requirements for equality and uniformity of assessments of property for taxation of property are violated in valuing lands without regard to improvement on the land and arbitrary figures placed as a value on personal property regardless of its actual value and especially when it is shown that much property was never assessed for tax purposes. City of Houston v. Baker, Tex.Civ. App., 178 S.W. 820, writ refused; Whelan v. State, Tex., 282 S.W.2d 378 by the Supreme Court.

■ As stated in Bexar County v. Humble Oil & Refining Co., Tex.Civ.App., 213 S.W.2d 882, 883, writ refused, N.R.E.

"It is well settled in accordance with sound constitutional principles that the finality of the commissioners' judgment is dependent upon their complying with the statute and applicable constitutional provisions and safeguards. An unauthorized or arbitrary action may be set aside in a judicial proceeding."

But when a Board of Equalization, as was done in this case, refuses a taxpayer the right to appear and offer evidence as to the value of his property upon which taxes are to be assessed and collected, and acknowledged the values placed upon the property for tax purposes are too high, and contend they have to place excessive values on property in order to sell bonds and place values on some of the property way below its true value regardless of its value, then we cannot but hold that such action was arbitrary and does not comply with the constitutional and statutory requirements for equality and uniformity of assessments of property for taxation purposes. Judgment of the trial court affirmed.

CHAPMAN, J., not sitting.