**W. M. HAWTHORNE et al., Appellant,**

v.

**Mrs. H. A. HILLIN et al., Appellee.**

No. 4938.

Court of Civil Appeals of Texas, Waco.

Jan. 28, 1971.

Kacir & Kazanas, West, for appellant.

Tony Duty, Waco, for appellee.

OPINION

WILSON, Justice.

In this non-jury tax case plaintiff tax-payers sued Mt. Calm Independent School District and its officials, alleging that the valuations placed on their properties were arbitrary, discriminatory, fraudulent and fundamentally wrong; that the valuations in the District were not uniform; and that property had been arbitrarily and fraudulently excluded from the tax rolls by scheme or plan which disregarded the fair market value.

Plaintiffs alleged that unless the District was restrained from collection irreparable damage would result, but no injunction was specifically prayed for. Judgment was rendered that plaintiffs take nothing and that sums deposited in the registry by them be applied to taxes owed.

Findings of fact, as material here, were to the effect the District used county

valuations, "the location of property with relation to a paved road, and their opinion of the reasonable cash market value" in fixing values; that there was no proof of fraud or adoption of an arbitrary or fundamentally erroneous plan or scheme; there was no proof of grossly excessive values or of values above reasonable cash market value; that the tax plan complained of was put into effect November 20, 1969, more than two months before the petition was filed. Approximately 75% of District taxes had then been paid when the judgment was rendered in July 1970.

Plaintiffs' points are general: e. g., there is no evidence, or, insufficient evidence to support the judgment, and the judgment is contrary to law; but we have considered them as attacks on the findings, which we understand from the statement and argument constitute the complaints.

■ The record compels the conclusion that the basis for assessment in the District was based on a fundamentally erroneous and illegal plan or scheme. As the trial court found, assessed values of realty were based on valuations by Hill County, and were related to whether land was "on or off of black-top roads". Land "on a black-top" was assessed at $125 per acre and land "off" the black-top road at $100. This relationship, however, was uniformly predicated on the circumstance of whether the owner actually resided on the black-top road. If he "lived on a black-top road, all of the land was assessed at" $125 per acre, whether or not he owned other land in the District "off the black-top". "If an individual owned land that fronted on a black-top road, but did not live there", and there were no improvements, his land was assessed at $100. If he owned land "part on and part off the black-top", all his land was assessed at $125 if his residence "fronted the black-top".

If a taxpayer's improvements did not exceed $4000 in value, the improvements were "exempt" and did not appear on the assessment rolls.

Such a formula for assessing property contravenes the constitutional mandates that taxation shall be equal and uniform and that property shall be taxed in proportion to its value. Texas Constitution, Art. VIII, Sec. 1, Vernon's Ann.St. Whelan v. State (1955), 155 Tex. 14, 282 S.W.2d 378; City of Arlington v. Cannon (1954) 153 Tex. 566, 271 S.W.2d 414; Slaughter v. Sundown Independent School Dist. (Tex.Civ.App., 1931) 41 S.W.2d 478; Port Arthur Independent School Dist. v. Baumer (Tex.Civ.App., 1933), 64 S.W.2d 412; Begert v. Alexander (Tex.Civ.App., 1957, writ ref. n. r. e.), 297 S.W.2d 895; Willis v. State (Tex.Civ.App., 1940, writ dism. corr. judgt.) 142 S.W.2d 385; Santa Rosa, Inc. v. Lyford Ind. School Dist. (Tex. Civ.App., 1935) 78 S.W.2d 1061; Hunt v. Throckmorton Ind. School Dist. (Tex.Civ. App., 1933) 59 S.W.2d 470; Randals v. State (Tex.Civ.App., 1929) 15 S.W.2d 715; 4 Tex.Jur.2d, Taxation, Secs. 128, 129; Tackett, 11 Baylor L.Rev. 363.

■ "But the mere fact that taxing authorities arbitrarily disregarded the true and legal basis of arriving at assessed valuations does not, of itself", entitle the taxpayer to relief. "He must also show that the arbitrary or unlawful plan" of assessment "resulted in substantial injury to him". Whelan v. State (1955) 155 Tex. 14, 282 S.W.2d 378, 380; State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569. See City of Waco v. Conlee Seed Co. (Tex.Sup. 1969) 449 S.W.2d 29. This, as these authorities hold, requires an actual showing of values, data or a basis for determining the actual amount of injury or excessiveness and "how much less the taxes would have been". See authorities cited 54 Tex.Jur.2d Sec. 125, p. 307. This rule applies, where, as here, the taxpayer permits the plan to be put into effect "without availing himself of the remedies of mandamus and injunction".

There is no proof in this record which meets or approaches the quoted requirements.

Affirmed.