**EAST TEXAS PULP & PAPER COMPANY et al., Appellants,**

v.

**W. L. HOOKS et al., Appellees.**

No. 6581.

Court of Civil Appeals of Texas.

Beaumont.

July 19, 1962.

Rehearing Denied Sept. 5, 1962.

B. F. Whitworth, Jasper, for appellants.

E. A. Knipp, Houston, for appellees.

STEPHENSON, Justice.

This is an appeal from an order of the trial court denying a temporary injunction. The parties will be designated here as they were in the trial court. Plaintiffs were owners of property subject to taxation in the Hull-Daisetta Independent School District. Defendants were the members of the Board of Equalization and the Tax Assessor-Collector of the Hull-Daisetta Independent School District. Plaintiffs prayed that defendants be temporarily enjoined from acting as a Board of Equalization for the purpose of finally fixing and determining taxable values for the year 1962 upon any property, and in the alternative, upon plaintiffs' property, until the Tax Assessor-Collector had brought before the Board of Equalization and made available to the plaintiffs all of the public records of his office.

The evidence showed the following: The tax office of this school district had two tax rolls, the A Roll which consisted of the oil and utility properties, and the B Roll which consisted of all other real estate. Plaintiffs owned only surface rights in the real estate located in this school district, and that this property was rendered for taxation. May 9, 1962 the Board of Equalization mailed notices of a hearing to one plaintiff for May 22, 1962, and to the other plaintiff for May 23, 1962. May 16, 1962 representatives of the plaintiffs went to the tax office and found that neither the rendition nor the proposed assessment for the A Roll were in the tax office. This hearing was before the trial court June 4, 1962, and on that date the proposed values to be put on properties on the A Roll had not been furnished to either the tax collector or the Board of Equalization. These proposals would be made by the Thomas Y. Pickett and Company of Dallas, Texas. This company had been employed to appraise the value of property to be placed on the A Roll. The defendant tax collector testified that he couldn't say whether the proposed values for the A Roll would be available to plaintiffs at the time of their hearing before the Board of Equalization. The tax collector testified that he did not see any similarity between oil interest and other interests.

■ We feel the sole question for us to determine here is whether a taxpayer is entitled to have made available to him for inspection, the proposed assessable values to be placed on all other properties, at a reasonable time prior to the hearing before the board of equalization to determine the value of such taxpayer's property. We hold that a taxpayer is entitled to this right. A review of some of the cases will disclose the reason for this conclusion.

Considering this question we must bear in mind certain principles of tax law stated by our Supreme Court in State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, as follows:

"It is now well settled that the assessment of property for tax purposes is a quasi-judicial function of boards of equalization and that no attack on valuations fixed by such boards can or will be sustained in the absence of proof of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation. (Citing authorities). Moreover, when their official action is attacked it will be presumed that such boards discharged their duties as public agencies according to law and acted in good faith. (Citing authorities).

"While it has been held that a grossly excessive valuation may, in law, be sufficient to establish such fraud or illegality as to render a valuation void, (citing authorities), it is held with equal emphasis that mere errors in judgment or the fact that a trial judge or jury differs with the valuation fixed will not suffice as a basis for avoiding the board's action. (Citing authorities.)

"If a valuation fixed by a board of equalization is attacked on the ground

of unlawful or arbitrary discrimination it is not sufficient to show, comparatively, that in other isolated instances, property of equal or greater value than that in suit, was valued at less, (citing authorities) * * *, except where the omission was the result of a deliberate and arbitrary plan or scheme to permit certain classes of property to escape their fair share of the tax burden. * * *

"When the attack is made because the board followed an arbitrary plan or scheme of fixing values, the taxpayer, to prevail, must show not only that the plan was an arbitrary and illegal one but also that the use of the plan worked to his substantial injury."

In the case of Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, the Supreme Court, speaking through Chief Justice Calvert said:

"In State v. Whittenburg, [153] Tex. [205], 265 S.W.2d 569 and City of Arlington v. Cannon, [153] Tex. [566], 271 S.W.2d 414, we recognized that a taxpayer was entitled to relief when by a deliberate and arbitrary preconceived plan of taxing authorities large amounts of property, owned by others, was omitted from the tax rolls. Once such a plan of taxation is put into effect, the taxpayer must assume the onerous burden of proving substantial injury, that is, that his taxes, by virtue of the omission, are excessive or substantially higher than they would have been if the omitted property had been on the rolls. * * * It is only thus that he may secure his constitutional right to be taxed on an equal and uniform basis with others."

Again, quoting from the City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, it is said:

"In the recent case of State v. Whittenburg, [153] Tex.Sup. [205], 265 S. W.2d 569, 573, we recognized the right

to relief from such an arbitrary plan of taxation. However, if the taxpayer fails to avail himself of the remedies of mandamus and injunction to prevent a taxing authority from putting such a plan into effect, as those remedies were used in such cases as City of Houston v. Baker, Tex.Civ.App., 178 S.W. 820, writ refused, and City of Wichita Falls v. Cooper, Tex.Civ.App., 170 S.W.2d 777, writ refused, his right to relief is limited. 'The government does not lose its right to taxes justly owing on one parcel of property, by reason of the failure of its officers, either negligently or designedly, to assess other property that is likewise taxable.' City of Wichita Falls v. J. J. & M. Taxman Refining Co., Tex.Civ.App., 74 S.W.2d 524, 530, writ refused; Lubbock Hotel Co. v. Lubbock Ind. School Dist., Tex.Civ. App., 85 S.W.2d 776, no writ history; Howth v. City of Beaumont, Tex.Civ. App., 118 S.W.2d 350, no writ history; Sam Bassett Lbr. Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879. Once such a plan is put into effect the litigant may defeat the recovery of taxes only to the extent that they are excessive and he must assume the burden of proving excessiveness. Article 7329, subd. 3, Vernon's Annotated Civil Statutes, 1925; Sam Bassett Lbr. Co. v. City of Houston, Tex.Civ.App., 194 S.W.2d 114, 117–118."

In the case of Reynolds v. Crudgington, Tex.Civ.App., 266 S.W.2d 430, it is stated:

"This is a fact case. There is little, if any, controversy about the law governing such matters. It is conceded that the courts uniformly hold that taxing authorities cannot lawfully discriminate in favor of one group of property owners as against another group and that such action is void if and when attempted."

■ From this opinion it is obvious that a taxpayer may contend that the taxes on his property are not equal and uniform if

other property on the tax roll, even though of a different classification, has not been properly assessed. It is also obvious that the taxpayer could not be in a position to make effective such a complaint if the proposed assessed values were not available to him.

 The defendants cite many authorities for the proposition that the complaint about irregularities and overvaluation should be made before the Board of Equalization at the time of hearing. We agree with their proposition, but we must recognize that before such a complaint could be made the information must be available.

 The judgment of the trial court is reversed and judgment is rendered that defendants are enjoined from acting as a Board of Equalization for the purpose of finally determining the taxable values of plaintiffs' property until the defendants have made available to the plaintiffs the proposed assessed valuations of all of the properties on both the A Roll and the B Roll for the year 1962 in the Hull-Daisetta School District.