**Marshall BYNUM et al., Appellants,**

**v.**

**The ALTO INDEPENDENT SCHOOL DISTRICT OF ALTO, CHEROKEE, COUNTY, Texas, Appellee.**

**No. 755.**

Court of Civil Appeals of Texas, Tyler.

March 27, 1975.

Rehearing Denied April 24, 1975.

Paxton, Whitaker & Parsons, James N. Parsons, III, Palestine, for appellants.

Cox & Holcomb, Rusk, Stone & Stone, W. Emerson Stone, Jr., Jacksonville, for appellee.

McKAY, Justice.

Appellants brought suit against Alto Independent School District (herein called Alto ISD) seeking an injunction to enjoin the school district from certifying and approving the tax rolls of the school district for the year 1973, and from collecting the 1973 school district taxes. After a trial before a jury, the trial court rendered judgment for the school district, and appellants bring this appeal.

Appellants plead that the Alto ISD taxing scheme and tax rolls for 1973 were illegal, arbitrary, and not uniform because personal property which had not been rendered by the owner had not been placed on the unrendered rolls by the tax assessor and collector of the Alto ISD. The pleading further alleged that the deliberate and intentional failure to tax personal property placed a burden on the real property owners of Alto ISD in that if personal property was taxed as is real property, the proportionate tax load of the real property owners would be lessened. Appellants also

sought a mandamus to require Alto ISD to include personal property subject to ad valorem taxation on the tax rolls. Appellants plead they had sustained substantial injury and would sustain immediate and irreparable injury if a temporary injunction was not granted.

After the rendition of a judgment favoring Alto ISD, appellants filed an original application for injunction in this Court seeking to protect the jurisdiction of this Court pending final disposition of the case on appeal. This Court granted such application on December 13, 1973, and restrained and enjoined Alto ISD, its agents, servants and employees from compelling or attempting to compel appellants, or any of them, to pay taxes under the levy, assessments and evaluations as reflected by the tax rolls for the year 1973.

The trial court submitted only one special issue to the jury:

"Do you find from a preponderance of the evidence that the failure of the Alto Independent School District to assess certain personal property, to-wit: cattle; farming machinery and equipment; farm tractors; logging machinery and equipment; stocks, bonds and other securities, for taxes for the year 1973 was the result of a deliberate and arbitrary plan or scheme to omit such property from taxation?"

The jury answered "We do not."

Appellants complain that the trial court should have granted their motion for judgment non obstante veredicto because (1) the uncontradicted evidence showed as a matter of law that a fundamentally defective and erroneous scheme and plan of taxation was adopted and in effect by the Alto ISD; (2) the uncontradicted evidence shows that the valuation system used by Alto ISD does not comport with fair and equal taxation and is void and invalid under Art. VIII, Sec. 1, Constitution of Texas, Vernon's Ann.St., and Amendment XIV of the Constitution of the United States, as a denial of equal protection under the law, and a deprivation of property without due process of law; and (3) the uncontradicted evidence showed that numerous categories of personal property were knowingly unassessed and omitted from the tax rolls of Alto ISD in violation of the above portions of the Constitutions of Texas and the United States.

Appellants also contend that the answer of the jury to the one issue was contrary to the great weight of the evidence, and that the evidence establishes as a matter of law that there was a deliberate and arbitrary scheme to omit certain property from taxation.

The record reveals that rural or farm land was valued at $50 per acre by the Alto ISD regardless of location, use or improvements. It is also shown by the record that the only personal property which is taxed is that which is voluntarily rendered by the owner. Household furniture, bank deposits, stocks, bonds and other securities, cattle, hogs, cash, certificates of deposit, farm implements and equipment, tractors, logging machinery and equipment, and other items of personal property are not placed on the tax rolls. There was one cow and one bank account rendered and put on the roll. Oil and gas leases which were rendered were placed on the tax rolls, but those not rendered were not. There was no unrendered roll.

In our opinion the Alto ISD used an arbitrary and fundamentally wrong method or plan in arriving at real estate values when all land was valued at $50 per acre. Property should be taxed in proportion to its value. Begert v. Alexander, 297 S.W.2d 895 (Tex.Civ.App.—Amarillo, 1957, writ ref'd, n. r. e.). We further believe it was improper and discriminatory to omit from assessment all personal property except that which was rendered. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W. 2d 414, 416 (Tex.1954); Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, 380 (Tex. 1955); State v. Federal Land Bank of

Houston, 160 Tex. 282, 329 S.W.2d 847, 849 (Tex.1959).

It was said in City of Arlington v. Cannon, supra:

"The deliberate adoption of a plan for the omission from the tax rolls of a large volume of property, personal or real, is in direct contravention of constitutional and statutory provisions for equality and uniformity of taxation. Article VIII, Section 1, Constitution of Texas, Vernon's Ann.St.; Article 7174, Vernon's Annotated Civil Statutes, 1925. * * *"

■ The record indicates that the plan, scheme or method was deliberately adopted, i. e., it resulted from discussion and thorough consideration about what property should be assessed and placed on the rolls. It appears a deliberate decision was made to omit personal property items from the tax rolls. The record also indicates that not all land in Alto ISD has the same market value, and, therefore, the placing of a value of $50 per acre for all land would be a deliberate and arbitrary decision.

We are of the opinion that the answer of the jury to the issue submitted is not supported by the evidence in the record, and that the record shows as a matter of law that the taxing scheme used by the Alto ISD contravenes the constitutional mandate that taxation shall be equal and uniform and that property shall be taxed in proportion to its value. Constitution of Texas, Art. VIII, Sec. 1, V.A.T.C.; Whelan v. State, supra; City of Arlington v. Cannon, supra.

■ However, even though it has been shown that the plan or scheme was an arbitrary and illegal one, appellants here cannot gain relief unless they show that such plan or scheme worked to their substantial injury. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 573 (Tex.1954); City of Arlington v. Cannon, supra; State v. Federal Land Bank of Houston, supra; Whelan v. State, supra. Proof of substan-

tial injury has been held to mean that the taxpayer must prove that his taxes are excessive or substantially higher because of the omission of taxable property and because of the failure to assess taxable property at its market value. State v. Federal Land Bank of Houston, supra.

■ An aggrieved taxpayer who asserts that a taxing authority has adopted an erroneous and illegal plan of taxation which increases his share of the tax burden has two remedies available. He may directly attack the plan by availing himself of the remedies of injunction and mandamus to prevent the taxing authority from putting the plan into effect. If this method is used, the taxpayer is required to prove that he would suffer substantial injury as a result of the adoption of the illegal plan. City of Arlington v. Cannon, supra.

■ If no direct attack is made, the taxpayer may allow the plan to be put into effect, then challenge the assessment in defense of a suit to collect delinquent taxes based on the assessment. If this method is used, the taxpayer also has the burden of proving substantial injury in that he must prove that because of the illegal plan, his taxes are excessive or substantially higher than they would have been had the plan followed the proper statutory and constitutional guidelines. Whelan v. State, supra; State v. Federal Land Bank of Houston, supra.

The record is not clear whether the attack here is direct or of a collateral nature. Appellants filed their suit on June 12, 1973, and the record reflects that the Board of Equalization both adjourned and approved the tax rolls for 1973 the same day. No attempt was made by appellants to secure a temporary restraining order to prevent either the Board of Equalization from adjourning and approving the tax rolls, or the school board from approving the tax rolls. There was testimony that by September 19, 1973, before judgment was rendered in this case, the 1973 tax rolls were completed, a summary had been made and

the tax statements typed. One taxpayer had actually paid his taxes by September 1st. It appears from the testimony of the president of the school board that the tax rolls and the budget were approved on August 20th.

■ If they could have done so, appellants failed to attempt to prevent the tax plan from being adopted; however, regardless of "whether injunctive relief is sought before or after an illegal assessment plan is put into effect, taxpayers must show substantial injury in order to obtain injunctive relief against such a plan; that is to say, they must show that the plan would discriminate against them by deliberately assessing their property at a greater percentage of its true value than the percentage assessed for other properties subject to the tax." Lancaster Independent School District, et al v. Pinson, et al, 510 S.W.2d 380 (Tex.Civ.App.—Dallas, 1974, n. r. e.), citing cases; Sierra Blanca Independent School District v. Sierra Blanca Corp., 514 S.W.2d 782 (Tex.Civ.App.—El Paso, 1974, n. r. e.). In City of Arlington v. Cannon, supra, the Supreme Court after holding that it was unconstitutional to either deliberately omit taxable property from tax rolls or ignore market value as the basis for valuation, stated that "It is now settled, however, that to obtain relief from taxes arrived at through the use of an arbitrary, illegal and fundamentally erroneous plan of valuation, the taxpayer must show substantial injury." Therefore, in addition to showing that the taxing plan is illegal, the taxpayer has the added burden of showing that he has suffered substantial injury. In addition, where proof of substantial injury is required, that proof must be made as to each taxpayer who seeks relief. Sierra Blanca Independent School District v. Sierra Blanca Corp., supra.

■ Appellants intimate in their brief that they need not show substantial injury

and that they have discharged their burden in this case by showing the existence of the illegal scheme and the market value of their property. In testimony by Marshall Bynum, Faye Gray and Della Skeeters, the only appellants to testify, each refuted the valuation placed on this property by the Board of Equalization, but only Bynum and Mrs. Gray offered testimony as to the fair market value of their land. Each appellant also compared his valuation to those of various neighbors. Understandably there were some differences in valuation as each property compared was not identical to the property of the appellants. Because only incomplete descriptions were offered of the compared properties, it is impossible to determine if any discrimination in fact existed regarding the valuations. There was no showing of substantial injury suffered as a result of the alleged illegal scheme. There was no showing that if all other property had been assessed at fair market value, that appellants' taxes would in fact have been less. While there is evidence in the record to show that certain amounts of personal property escaped taxation, there is nothing to indicate to whom this personalty belonged or what effect its omission had on any of the appellants—that is, whether any one of appellants has to pay more or less by reason of the omission than he otherwise would have been required to pay. Clark v. Cedar Hill Independent School District, 295 S. W.2d 671 (Tex.Civ.App.—Dallas, 1956, n. r. e.). Consequently, the taxpayers, while showing the taxing plan to be illegal, have shown no substantial injury and therefore failed to show that any one of them is entitled to injunctive relief.

We have considered all of appellants' points and it is our view they do not present reversible error. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.