

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

July 6, 1977

Honorable William P. Hobby          Opinion No. H-1022
Lieutenant Governor of Texas
State Capitol
Austin, Texas

Honorable Bill Clayton
Speaker of the House                Re: Valuation of property
State Capitol                       for ad valorem taxation
Austin, Texas                       purposes.

Dear Governor Hobby and Speaker Clayton:

You have asked our opinion on four questions relating to ad valorem taxation and the distribution of funds for public school purposes.

Your first question is:

> May the Legislature, in exercising its duty under Article 8, Section 1, of the Texas Constitution, to provide by law how value is to be ascertained for ad valorem tax purposes, constitutionally provide that land used to produce agricultural products be valued for ad valorem tax purposes according to some standard of value other than market value, such as valuation on the basis of use or capability to produce agricultural products?

We initially note that the first question is directed solely to article 8, section 1 and does not involve article 8, section 1-d which is discussed in your second question and which involves valuation of certain agricultural land. Article 8, section 1 of the Texas Constitution provides in part:

> Taxation shall be equal and uniform. All property in this State, whether owned by

p. 4220

natural persons or corporations, other
than municipal, shall be taxed in propor-
tion to its value, which shall be ascer-
tained as may be provided by law.

On several occasions Texas courts have specifically in-
dicated that the term "value," as used in article 8, section
1, means market value.  Lively v. Missouri, K. & T. Ry. of
Texas, 120 S.W. 852, 856 (Tex. 1909); Rowland v. City of Tyler,
5 S.W.2d 756, 760 (Tex. Comm'n App. 1928, jdgmt adopted);  Har-
lingen Independent School Dist. v. Dunlap, 146 S.W.2d 235, 237
(Tex. Civ. App. -- San Antonio 1940, writ ref'd); Atlantic
Richfield Co. v. Warren Independent School Dist., 453 S.W.2d
190, 197 (Tex. Civ. App. -- Beaumont 1970, writ ref'd n.r.e.);
Dietrich v. Phipps, 438 S.W.2d 900, 902 (Tex. Civ. App. --
Houston [1st Dist] 1969, no writ).  See Whelan v. State, 282
S.W.2d 378, 380 (Tex. 1955); State v. Whittenburg, 265 S.W.2d
569, 572 (Tex. 1954).  While it can be argued that the portion
of article 8, section 1, which refers to ascertainment of value
"as provided by law" permits the Legislature to establish a
standard of value for taxation purposes other than market value,
the courts have clearly ruled otherwise.  See also Tex. Const.
art. 8, § 20.  Accordingly, it is our opinion that article 8,
section 1 of the Constitution does not permit the Legislature
to provide for the taxation of property other than in propor-
tion to its market value.

Your second question is:

If the answer to question #1 is negative,
could the Legislature constitutionally pro-
vide for use of a standard of value other
than market value for taxation of agricul-
tural land if Article 8, section 1(d), of the
Texas Constitution were repealed?

Article 8, section 1-d permits assessment of certain land
at its agricultural use value.  While this technique is based
on market value principles, see King v. Real, 466 S.W.2d 1
(Tex. Civ. App. -- San Antonio 1971, writ ref'd n.r.e.); At-
torney General Opinion H-863 (1976), it will generally result
in a lower value than assessment at full market value.

If article 8, section 1-d were repealed the standard of
value would be determined by the requirements of article 8,
section 1.  In light of the judicial authority reviewed in

discussion of your first question, it is apparent that the repeal of article 8, section 1-d, would leave the Legislature without authority to value agricultural land other than in proportion to its market value.

Your third question is:

> May the Legislature, by statute, constitutionally provide that single-family residences be valued for tax purposes on the basis of a percentage of market value?

We understand this question to involve the power of the Legislature to provide for the assessment of residential property at a different percentage of market value than other property. As noted above, article 8, section 1 of the Texas Constitution requires that taxation be equal and uniform. The courts have found schemes to tax one class of property at a percentage of its value and another class at a different percentage to be unconstitutional. Among the plans the courts have overturned include an omission of certain types of property from the tax rolls, City of Arlington v. Cannon, 271 S.W.2d 414, 416 (Tex. 1954); the assessment of railroad intangible property at full market value while all other property was assessed at 67 percent of value, Lively v. Missouri, K. & T. Ry. of Texas, supra at 856; and the assessment of land at 70 percent of full value, improvements at 25 percent, stocks of merchandise at 50 percent and omission of money, stocks, bonds, notes and mortgages from the tax rolls. City of Houston v. Baker, 178 S.W. 820, 823 (Tex. Civ. App. -- Galveston 1915, writ ref'd). See Yudof, The Property Tax in Texas under State and Federal Law, 51 Tex. L. Rev. 885, 899-900 (1973). Accordingly, it is well established that any plan to value or assess one class of property at a smaller percentage of market value than other property is prohibited by the Constitution.

Your final question is:

> In calculating the local share of financing the Minimum Foundation Program in public education, may the Legislature, by statute, set local fund assignments based on property values estimated at less than market value?

While your first three questions relate to assessment and taxation of property, the final question involves distribution of State funds to local school districts. We note that the current formulas for distributing state funds for education are under attack in the United States District Court for the Western District of Texas in Wilson v. Brockette (Civil Action No. A-76-CA-223) and Bennett v. Brockette (Civil Action No. A-77-CA-21). Plaintiffs in these cases allege that the current formula for distribution of state funds is invalid since it is alleged to entirely omit the value of substantial amounts of property which are required by law to be taxed. See also Sheffield v. Briscoe (No. B-6829) now pending in the Texas Supreme Court. The pleadings in these suits do not precisely raise the issues involved in your more general inquiry, but the issues are similar and we call your attention to the litigation.

In determining how to allocate state funds for public education, the Legislature has broad authority. Mumme v. Marrs, 40 S.W.2d 31 (Tex. 1931). In fact, the Texas Constitution even provides a method other than property valuation for the distribution of certain school funds. Tex. Const. art. 7, § 5. It also requires the Legislature to "make suitable provision for the support and maintenance of an efficient system of public free schools." Tex. Const., art. 7, §1. The federal constitutional requirement that will have to be satisfied by any school finance plan is that it must bear some rational relationship to a legitimate state purpose. San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1 (1973). For example, we have already indicated that assessments determined pursuant to article 8, section 1-d of the Texas Constitution, which permits certain land to be assessed on the basis of agricultural use factors, could constitutionally be utilized in the formula by which school aid was apportioned among districts. Letter Advisory No. 109 (1975).

Whether a particular proposal will meet the constitutional test will depend on the details of the proposal and its relationship to the overall statutory scheme of which it is a part. Your question is broadly phrased, and no specific legislative proposal is before us. Unless and until a specific proposal is presented, we have no basis on which to say that any and all proposals which might fall within the scope of your inquiry would meet the constitutional test we have outlined. We believe that any proposal the Legislature adopts should specifically indicate the legitimate state purpose which is being served by the formula and should clearly reflect the rational relationship between the legitimate state purpose and the formula.

### S U M M A R Y

The Texas Constitution requires that property be assessed for taxation purposes in proportion to its market value.  The Legislature may not provide that one type of property be assessed at a smaller percentage of its market value than other types of property.

The Legislature has a constitutional obligation to provide for the support and maintenance of an efficient system of public free schools.  It has broad authority to devise a plan to distribute state funds for public education.  Any proposal the Legislature adopts should specifically indicate the legitimate state purpose which is being served by the formula and should clearly reflect the rational relationship between the legitimate state purpose and the formula.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw