The Honorable Johnny W. Actkinson Parmer County Attorney P. O. Box 286 Farwell, Texas 79325
The Honorable Oscar H. Mauzy Chairman, Senate Committee on Education Senate Chamber State Capitol Austin, Texas 78711
Re: Constitutionality of House Bill 22 permitting an income capitalization valuation of open space land used for agricultural purposes.
Dear Mr. Actkinson and Senator Mauzy:
You have asked whether House Bill 22 of the 65th Legislature, Acts 1977, 65th Leg., ch. 318, at 847, codified as article 7150k, V.T.C.S., can be given effect without the people voting on a companion constitutional amendment. Each of you has submitted a brief with your request and each has concluded that a constitutional amendment is required before the bill can be effective.
In Attorney General Opinion H-1022 (1977), which was issued on July 6, 1977, we answered a similar inquiry from our State legislative leadership in the negative. Inasmuch as the controlling constitutional provisions and the controlling judicial decisions remain the same, our answer must remain the same. Once again we will set forward those controlling provisions and decisions.
The constitutional questions surrounding House Bill 22 involve article 8, section 1 of the Texas Constitution which provides in part:
 Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.
Article 8, section 1-d of the Constitution provides for special assessment of certain agricultural land, but there is no dispute that House Bill 22 provides for a broader program than that authorized by article 8, section 1-d.
When House Bill 22 was introduced it obviously was the view of the sponsors that a constitutional amendment would be necessary to authorize this broader program of appraisal of open space land. The bill provided that it would become effective only if and when the companion constitutional amendment was adopted. In fact, the contingent effective date provision was in House Bill 22 as it passed the House and Senate and as it was referred to conference committee. It was only on May 25, 1977, when the conference committee reported its version of the bill, that House Bill 22 emerged without being explicitly dependent on the passage of the constitutional amendment. House Journal, 65th Leg., R.S., at 3922 (May 25, 1977). The proposed constitutional amendment was defeated in the House of Representatives when it lacked one vote of obtaining the one hundred votes necessary for passage. House Journal, 65th Leg., R.S., at 3923 (May 25, 1977). The vote was 99 yeas, 48 nays and 3 not voting.
Since House Bill 22 had, therefore, been passed but the companion constitutional amendment had been defeated, the legislative leadership requested an opinion prior to the special session on the constitutionality of a program of valuation of agricultural land on a basis other than market value. While the opinion request did not specifically mention House Bill 22, the same constitutional issue raised by that legislation was involved. Attorney General Opinion H-1022 (1977) was issued on July 6, 1977, and stated that a constitutional amendment would be required before the Legislature could provide for the valuation of one type of property at a smaller percentage of market value than other types of property. Thereafter, certain legislators and this office, all of whom had supported the program sought to be enacted by House Bill 22, urged that the subject of such a constitutional amendment be included in the call of the special session which convened on July 11, 1977. However, the subject was not included by the Governor in the proclamation calling the special session.
In spite of this clear history, additional arguments have been advanced in an effort to uphold the bill without the necessity of a constitutional amendment. The arguments can be grouped under two general headings. First, it is argued that such an amendment would not be necessary because the income capitalization method of valuation provided by House Bill 22 is merely a means of ascertaining market value. We believe House Bill 22 indicates on its face that something other than market value is produced by the formulas set out in the bill. While an income capitalization method of valuation may sometimes be useful in determining market value, it is clear that House Bill 22 is designed to produce a valuation which does not represent market value. The bill provides that the value produced by the income capitalization method will be less than market value. The assessor is required to record both market value and an income capitalization value. He is also required to roll back the assessments for the four years prior to a change in the use of agricultural land and to collect the taxes for those years as if they had been levied on market value assessments. Additionally, the legislative debates leave no doubt that the legislation is designed to produce valuations which do not reflect market value.
The other argument is that an amendment is unnecessary because the Constitution gives the Legislature broad authority to permit valuation of property on a basis other than market value. This argument has been rejected by our highest legal authority on State constitutional issues. The Supreme Court of Texas has addressed the requirement of article 8, section 1 of the Constitution. The court said:
 Article 8, § 1, of the Constitution, contains this language: `All property in this state, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.' The rule announced by that provision is `equality and uniformity.' To secure this `uniform and equal' taxation, the same sentence prescribes that the property of all persons and corporations, other than municipal, `shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.' This is a clearly expressed purpose, that the officers charged with the assessment of property shall in the manner prescribed by law ascertain its value. `The value of the property is to be determined by what it can be bought and sold for.' New York State v. Barker, 179 U.S. 287, 21 Sup. Ct. 124, 45 L.Ed. 194. If it means full market value when applied to the intangible assets of a railroad company, it means the same thing when applied to land, horses, etc. The standard of uniformity prescribed by the Constitution being the value of the property, taxation cannot be in the same proportion to the value of the property, unless the value of the property is ascertained by the same standard.
Lively v. Missouri, K. T. Ry. Co. of Texas, 120 S.W. 852, 856
(Tex. 1909) (Emphasis added).
On numerous occasions Texas courts have specifically indicated that it is settled that the Texas Constitution, unless amended by the people to provide otherwise, requires appraisal on the basis of market value. Rowland v. City of Tyler, 5 S.W.2d 756, 760
(Tex. Comm'n App. 1928, jdgmt adopted); Atlantic Richfield Co. v. Warren Ind. Sch. Dist., 453 S.W.2d 190, 197 (Tex.Civ.App.-Beaumont 1970, writ ref'd n.r.e.); Dietrich v. Phipps,438 S.W.2d 900, 902 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ; Harlingen Ind. Sch. Dist. v. Dunlap, 146 S.W.2d 235, 237
(Tex.Civ.App.-San Antonio 1940, writ ref'd); Porter v. Langley,155 S.W. 1042 (Tex.Civ.App.-Dallas 1913, writ ref'd). See also City of Arlington v. Cannon, 271 S.W.2d 414 (Tex. 1954); City of Houston v. Baker, 178 S.W. 820 (Tex.Civ.App.-Galveston 1915, writ ref'd); Attorney General Opinion H-1022 (1977).
Laudable as the purposes of House Bill 22 are in lessening the severe economic problems facing our farmers and ranchers, we are not at liberty to ignore the substantial and long established judicial authority that a constitutional amendment is necessary to implement such purposes. Accordingly, it is still our opinion, as it was prior to the special session, that to bring about the desired purposes of House Bill 22 an amendment to the Texas Constitution will have to be proposed by the Legislature and approved by a majority of Texas voters.
 SUMMARY
House Bill 22 of the 65th Legislature (article 7150k, V.T.C.S.), which would establish a new program of valuing agricultural land on a basis other than market value, cannot be placed in effect without approval of the companion constitutional amendment by a majority of Texas voters.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee