Watson-RJ v. Robt'sn Cty App Rev Bd 






CORRECTED AND AFFIRMED
 AUGUST 16, 1990

NO. 10-90-022-CV
Trial Court
# 89-08-13,731-CV
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

RICHARD J. WATSON,
   Appellant
v.

ROBERTSON COUNTY APPRAISAL
REVIEW BOARD
   Appellee

* * * * * * * * * * * * *

 From 82nd Judicial District Court
Robertson County, Texas

* * * * * * * * * * * * *

On June 12, 1989, appellant Richard J. Watson filed his
written notice of protest with the Appraisal Review Board of the
Robertson County Appraisal District complaining about the valuation
of real property owned by him for taxation purposes for the year
1989. The written protest was on a form supplied by the appraisal
district. "Step 3" on the form was entitled "Check reasons for
your protest." It provided ten reasons to be checked for the
protest, including "value is over market value" and "value is
unequal compared with other properties." The only reason marked by
appellant on the protest form was "value is over market value." He
did not complain about unequal valuation. The protest was heard by
the Appraisal Review Board on July 11, 1989. On that day, the
Board issued its "Order Determining Protest" which showed that the
Board's decision was to lower both the land value and the
improvement value of appellant's property for tax purposes. A copy
of the order was mailed to appellant by certified mail in
accordance with the provisions of V.T.C.A., Tax Code §41.47. On
that same day, the Appraisal Review Board issued its order
approving the appraisal records for the Robertson County Appraisal
District for the year 1989, in compliance with Tax Code §41.12. 
Also on July 11, 1989, appellant delivered a letter, stating
as its subject "Request for Inquiry 1989 Tax Roll," to the
Appraisal Review Board. The letter purported to be a challenge of
the taxable value placed on The Texas-New Mexico Power Plant
Project located in Robertson County on the ground that the property
was undervalued. The appellate record does not reflect whether
this letter was delivered before or after approval of the appraisal
records by the Appraisal Review Board. Neither does the record
reflect any action taken on this document by anyone. 
On August 14, 1989, appellant filed in the district court his
original application for writ of mandamus against the Appraisal
Review Board. Appellant did not complain in the action about the
order determining the protest of the value on his property that was
issued by the Board. Rather, he sought a writ of mandamus ordering
the Appraisal Review Board to respond to Relator's "complaint" in
his "Request for Inquiry," to review the 1989 appraised value for
taxation of The Texas-New Mexico Power Plant Project, and "to
perform its duty of review to ensure that property taxation is
`equal and uniform' in Robertson County" by reviewing the 1989
appraised taxable value of The Texas-New Mexico Power Plant
Project. After a hearing, appellant's application for writ of
mandamus was dismissed by the trial court. This appeal resulted.
The essence of appellant's complaint in the trial court, and
here, seems to be that he individually is required to pay more
taxes than he should pay because his property has been valued at
market value for taxation and the property of The Texas-New Mexico
Power Plant Project has been valued at less than market value for
taxation. If this is not appellant's complaint, then he lacks
standing to complain of the taxable value of the property of the
other taxpayer. City of Arlington v. Cannon, 153 Tex. 566, 271
S.W.2d 414, 417 (1954). If this is appellant's complaint, then he
is not entitled to the relief he seeks by mandamus in the trial
court because he failed to exhaust his statutory remedies before
the Appraisal Review Board regarding the unequal appraisal of his
property and then appeal any unfavorable ruling of the Appraisal
Review Board to the district court.
The Legislature has provided in the Tax Code specific and
broad remedies for a taxpayer to protest and gain relief from the
underappraisal of the property of others that unfavorably affect
his tax burden. Section 41.41(2) gives the property owner the
right to protest the "unequal appraisal" of his property before the
Appraisal Review Board. Other sections provide the method for
testing a protest of unequal appraisal before the Appraisal Review
Board, for the right and method of appeal from the Board's ruling,
and for the remedy in the district court for unequal appraisal:
§41.43. Protest of Inequality of Appraisal.
 
 A protest on the ground of unequal appraisal of
property shall be determined in favor of the protesting
party if the protesting party establishes that the
appraisal ratio of the property is greater than the
median level of appraisal of:
 
 (1) a reasonable and representative sample of
other properties in the appraisal district; or
 
 (2) a sample of properties in the appraisal
district consisting of a reasonable number of other
properties similarly situated to, or of the same
general kind or character as, the property subject
to the protest.
 
§42.21. Petition for Review.
 
 (a) A party who appeals as provided by this chapter must
file a petition for review with the district court within 45
days after the party received notice that a final order has
been entered from which an appeal may be had. Failure to
timely file a petition bars any appeal under this chapter.
 
§42.23. Scope of Review.
 
 (a) Review is by trial de novo. The district court
shall try all issues of fact and law raised by the
pleadings in the manner applicable to civil suits
generally.
 
§42.24 Action by Court.
 
In determining an appeal, the district court may:
 
 (1) fix the appraised value of property in accordance
with the requirements of law if the appraised value is at
issue;
 
 (2) enter the orders necessary to ensure equal
treatment under the law for the appealing property owner
if inequality in the appraisal of his property is at
issue; or
 
 (3) enter other orders necessary to preserve rights
protected by and impose duties required by the law.
 
§42.26 Remedy for Unequal Appraisal.
 
 (a) The district court shall grant relief on the
ground that a property is appraised unequally if the
appraisal ratio of the property exceeds by at least 10
percent the median level of appraisal of:
 
 (1) a reasonable and representative sample of
other properties in the appraisal district; or
 
 (2) a sample of properties in the appraisal
district consisting of a reasonable number of other
properties similarly situated to, or of the same
general kind or character as, the property subject
to the appeal.
 
 (b) If a property owner is entitled to relief under
Subsection (a)(1), the court shall order the property's
appraised value changed to the value as calculated on the
basis of the median level of appraisal according to
Subsection (a)(1). If a property owner is entitled to
relief under Subsection (a)(2), the court shall order the
property's appraised value changed to the value
calculated on the basis of the median level of appraisal
according to Subsection (a)(2). If a property owner is
entitled to relief under both Subsection (a)(1) and
Subsection (a)(2), the court shall order the property's
appraised value changed to the value calculated on the
basis of the median level of appraisal that results in
the lower appraised value. The court shall determine
each applicable median level of appraisal according to
law, and is not required to adopt the median level of
appraisal proposed by a party to the appeal. The court
may not limit or deny relief to the property owner
entitled to relief under a subdivision of Subsection (a)
because the appraised value determined according to the
other subdivision of Subsection (a) results in a higher
appraised value.

Thus, the Tax Code contains specific remedies for addressing
in the taxing districts and in the courts the effect of the
underappraisal of the property of another upon a complaining
taxpayer's tax burden. If appellant had timely protested before
the Appraisal Review Board the alleged inequality of appraisal that
he now asserts, and if he had presented a timely appeal from the
ruling of the Appraisal Review Board, he could have presented his
evidence in the district court regarding the alleged underappraisal
of the other property as a part of his appeal. 
The remedies provided for appellant in the Tax Code against
taxation of his property that was not equal and uniform were
effective and complete. But appellant did not make a timely and
proper protest of unequal appraisal before the Appraisal Review
Board, and he did not make or attempt a timely appeal to the
district court. Where a party fails to pursue remedies provided by
law that will provide full relief to which he may be entitled, he
will not be aided by issuance of a writ of mandamus. Manion v.
Lockhart, 131 Tex. 175, 114 S.W.2d 216, 219 (1938); Gonzales v.
Stevens, 427 S.W.2d 694, 702 (Tex.Civ.App.--Corpus Christi 1968,
writ ref'd n.r.e.).
Appellant argues that the Tax Code limits a property owner to
comparing the value of his property only to the values of other
similar properties for relief against unequal appraisal. But
sections 41.43 and 42.26 entitle a property owner asserting unequal
appraisal of his property to compare the value placed on his
property by the taxing district to the values placed on "a
reasonable and representative sample of other properties in the
appraisal district," not just on similar properties. 
Appellant further contends that his failure to exhaust his
administrative remedies was irrelevant because he was exercising a
well-established common law right to complain about the property
values of others under the constitutional mandate that taxation
shall be equal and uniform. Vernon's Ann.Tex.Const. Art. 8, §1. 
Plainly, the legislative intent in the enactment of the Tax Code
was to repeal all common law remedies and replace them with
specific statutory remedies for providing equal and uniform
taxation, with appeal to the courts by trial de novo. Section
42.09(a) expressly provides that the procedures set forth in the
Code for adjudication of the grounds of protest authorized by the
Code are exclusive (with two exceptions dealing with ownership and
taxable situs of the property), and that the property owner "may
not raise any of these grounds: (1) in defense to a suit to
enforce collection of delinquent taxes; or (2) as a basis of a
claim for relief in a suit by the property owner to arrest or
prevent the tax collection process or to obtain a refund of taxes
paid."
Equitable remedies were developed by the courts prior to the
adoption of the Tax Code to provide taxpayers with due process
protection against excessive and unlawful valuations because the
statutory schemes for property tax assessments did not provide
adequate remedies for relief. City of Waco v. Conlee Seed Co., 449
S.W.2d 29, 31 (Tex.1968); City of Arlington v. Cannon, 154 Tex.
566, 271 S.W.2d 414, 417 (1954). The administrative procedures in
the Tax Code with appeal de novo to the district court provide the
due process protection for the taxpayer that were lacking under
prior statutory procedures for property tax assessments. The
courts have regularly held that failure to follow Tax Code
procedures will result in loss of the right to challenge the
administrative decision in district court. Brooks v. Bachus, 661
S.W.2d 288, 290 (Tex.App.--Eastland 1983, writ ref'd n.r.e.);
Dallas County Appraisal District v. Lal, 701 S.W.2d 44, 46
Tex.App.--Dallas 1985, writ ref'd n.r.e.); Rockdale Independent
School District v. Thorndale Independent School District, 681
S.W.2d 225, 227 (Tex.App.--Austin 1984, writ ref'd n.r.e.); Poly-america v. Dallas County Appraisal District, 704 S.W.2d 936, 937
(Tex.App.--Waco 1986).
Appellant's points and contentions are overruled. 
Since appellant was not entitled to relief by the issuance of
a writ of mandamus, his petition for the writ should have been
denied. Accordingly, we correct the judgment of the trial court to
show that appellant's petition for writ for mandamus was denied
rather than dismissed. Rule 80(b)(2), Tex.Rules App.Proc. As
corrected, the judgment of the trial court is affirmed.
 
                          VIC HALL
PUBLISHJustice