**ANDERSON COUNTY TAXPAYERS' LEAGUE et al., Appellants,**

v.

**CITY OF PALESTINE, Texas, et al., Appellees.**

**No. 1246.**

Court of Civil Appeals of Texas, Tyler.

Jan. 11, 1979.

B. J. Wynne, Wynne & Wynne, Wills Point, for appellants.

Bascom Bentley, III, City Atty., Palestine, George A. Staples, Jr., Staples & Foster, Hurst, for appellees.

McKAY, Justice.

This is an appeal from the denial of a temporary injunction by the trial court. This suit was brought by three individuals, and as a class action, to enjoin the City of Palestine and the Palestine Independent School District from approving their tax rolls or collecting any taxes under an allegedly discriminatory and illegal plan of taxation.

Appellants are the Anderson County Taxpayers' League, an unincorporated association, and three individuals, John Cumby, Gordon B. Broyles, and Tom D. Broyles, who purport to sue both individually and as representatives of all taxpayers who own property in the city and school district. They brought this action against appellees, i. e., the City of Palestine ("City"), the Palestine Independent School District ("School District"), the Tax Assessor-Collector of the City, and the three members of the Board of Equalization ("Board") of the City. Appellants alleged that the prerequisites for a class action had been met, viz., that the class was so numerous that joinder of all its members was impractical, that there were questions of law and fact common to the class, that the claims of the individuals purporting to represent the class were typical of the claims of the class, that the representatives would fairly and adequately protect the interests of the class, and that appellees had acted or refused to act in cases concerning different members of the class on grounds generally applicable to the class as a whole. Appellants further alleged that they owned property, both real and personal, in the city and school district. The City and School District were said to have entered into an agreement whereby they both made use of the City's tax assessor-collector and board of equalization.

According to the petition, the City determined to reappraise all property in the city and school district, but the appraisers appointed to perform that job appraised real property without regard to its market value, and they failed to appraise all mortgages, savings accounts, stocks, bonds, and cash, though they were obligated to do so. This method of valuation was asserted to constitute an arbitrary and fundamentally erroneous plan which is prohibited by sections 1 and 20 of Article VIII of our State Constitution, and which resulted in an unlawful assessment roll. Additionally, procedural prerequisites were alleged to have been omitted, to-wit: the tax assessor-collector failed to secure the required approval of the assessment rolls by the Superintendent of Receipts, Disbursements and Accounts, and he also failed to give notice by publication of the names of the owners of all property on which the valuation had changed, both actions allegedly being required by the City Charter as conditions precedent to valid action by the Board.

Appellants then alleged they protested the incorrect assessments at hearings before the Board, but to no avail. The tax plan was alleged to be discriminatory, denying appellants' right to due process, because the tax rate would be calculated (1) on a tax base which did not include personal property such as mortgages, notes, bonds, and cash, and (2) on property values in excess of market value. Appellants claimed they had no adequate remedy at law and that they would suffer irreparable injury unless injunctive relief were granted. The prayer was for a temporary restraining order preventing appellees from approving the tax rolls, collecting taxes, or taking any other action to implement said allegedly unlawful scheme of taxation; for a temporary injunction; and for a permanent injunction and writ of mandamus (1) ordering appellees to abandon the present method and scheme of assessment and taxation, (2) ordering appellees to assess all property subject to taxation, including personal property, and (3) enjoining appellees from collecting any taxes on any of appellants' property until appellees had complied with the orders prayed for above.

At an ex parte hearing, the trial court entered its temporary restraining order as prayed for. Appellees then answered, specially excepting to a lack of specificity in several of the allegations of the petition, generally denying appellants' allegations, specifically denying that there was any deliberate plan to allow any class of property to escape taxation and affirmatively urging the difficulty of locating and assessing personal property.

After the hearing on the application for a temporary injunction, the trial court entered its order denying the same. It is from this order that appellants have duly perfected their appeal.

The trial court filed findings of fact, inter alia, that the tax assessor-collector was diligent in his attempts to seek out taxable property in the hands of banks and other financial institutions; that the tax assessor did not intentionally leave personal property in the hands of financial institutions off the tax rolls; that there was no plan, scheme, or design by the taxing authorities, tax assessor, city council, school board or board of equalization to omit any property from taxation; that neither John Cumby (one of the individual plaintiffs below and one of the individual appellants here) nor his wife, both of whom testified in the trial court, rendered any of his or her property for the current tax year, and both of them appeared before the Board and received a hearing. The conclusions of law filed by the trial court were as follows:

"1. The existence or identity of a class was not proved. Plaintiffs are not entitled to proceed as a class.

"2. It is impossible to determine whether there was a failure to tax any Plaintiff on an equal and uniform basis with other property owners in the district.

"3. Plaintiffs failed to show substantial injury.

"4. Plaintiffs did not meet their burden of proof and the temporary injunction should be denied."

■ To warrant the issuance of a temporary injunction, the applicant therefor need

only show a probable right and probable injury; he need not go so far as to demonstrate that he will finally prevail on the merits. *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526, 528 (Tex.1975); *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953). But the evidence must tend to support a right to prevail on the merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961).

In an appeal from an order granting or denying a temporary injunction the appellate court is limited to determining whether there has been a clear abuse of discretion in granting or denying the interlocutory order. *Davis v. Huey,* 571 S.W.2d 859, 861-2 (Tex.1978); *State v. Southwestern Bell Telephone Co., supra.* Abuse of discretion is not shown where the trial court bases its decision on conflicting evidence. *Davis v. Huey, supra.*

To authorize the trial court to issue a temporary injunction the applicant has the burden of pleading facts which, if proved, would entitle him to a permanent injunction, *and* also the burden of offering evidence tending to prove he has a probable right thereto on final hearing and will suffer probable injury in the interim. *Millwrights Local Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683, 686 (Tex.1968); *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968). Thus, the evidence must be reviewed, but only to see if it supports the court's exercise of discretion, and if the evidence is conflicting, the order will not be reversed if there is evidence to support it. *City of Carthage v. Allums,* 398 S.W.2d 799, 803 (Tex.Civ.App.—Tyler 1966, no writ).

Appellants and appellees (and the trial court) seem to have proceeded upon the premise that the burden upon appellants was to show substantial injury in this temporary injunction case. It is our view that the burden of a petitioner in a temporary injunction case wherein he complains of an alleged illegal tax scheme is that he show a probable right to relief and that he will probably suffer substantial injury.

Appellants bring twelve points of error, some of which we believe must await a trial on the merits of their case. We must confine our review to whether the record demonstrates that appellants have shown they have a probable right to relief and that they will suffer a probable injury unless the temporary injunction is granted and the status quo preserved.

By their point seven appellants complain that the undisputed evidence showed appellees City and School District had adopted a plan by which they were omitting all personal property, except that owned by a business, from the tax rolls, and that therefore there was error in the trial court's refusal to grant the temporary injunction. We agree that the procedure, plan or scheme used by the City and School District does not meet the requirements of the Constitution and statutes of Texas.

The evidence reveals that all personal property, except that owned by a business, was omitted from the tax rolls of the City and School District and that such omission was not accidental, but was the result of a fundamentally erroneous plan or scheme or procedure.

The tax assessor-collector testified at the hearing on the application for temporary injunction that he did not put bank deposits, mortgages, stocks, bonds, household furniture, automobiles, or any other personal property on the tax rolls except business personal property. A member of the Board testified that no effort was made to place personal property on the tax rolls although he knew there was personal property in the city and school district that had been left off the rolls. The mayor of the City of Palestine testified that individual personal property was omitted from the tax rolls and that no steps were taken to tax said property. The president of the school board indicated in his testimony that no effort was made to place personal property on the rolls. Finally, a second member of the Board testified that he was unaware that personal property should have been on the rolls. Although these same witnesses indicated, in response to questions by appellees'

counsel, that there was no deliberate scheme to omit certain classes of property from the tax rolls, we hold that the undisputed facts lead to the conclusion that there was such a scheme, or plan, willfully followed.

■ Significantly, appellees did not attempt to show in the trial court, nor do they argue here, that the plan of taxation was not illegal, but instead they have attempted to show and do argue here that the difficulty of determining what taxable personal property each resident of the city and school district owned excused the failure to place it on the rolls. There was much testimony to the effect that, had the tax assessor-collector attempted to determine from the banks information concerning the names of depositors and the amount each had on deposit, the bankers would have refused, pursuant to Art. 342–705, Tex.Rev.Civ.Stat.Ann., to provide it. The practical difficulty of taxing certain classes of property, however, does not render it not taxable; neither does it alter the duty of taxing officials to tax it. *Whelan v. State*, 155 Tex. 14, 282 S.W.2d 378, 382 (1955). Here, for example, no effort was made to require taxpayers to render their personal property, including bank deposits, for taxation.

■ It is not necessary that the taxing officials intend specifically to discriminate against or injure appellants. It is sufficient that by their action they denied appellants the equal protection of the Constitution and laws of this state. *Lively v. Missouri, Kansas & Texas Railway Co. of Texas*, 102 Tex. 545, 120 S.W. 852, 857 (1909); *Brown v. First National Bank of Corsicana*, 175 S.W. 1122, 1126 (Tex.Civ.App.—Dallas 1915, writ ref'd).

■ Art. VIII, sec. 1 of the Texas Constitution mandates that taxation be equal and uniform and that all property be taxed in proportion to its value. Art. 7145, Tex.Rev.Civ.Stat.Ann., states, "All property, real, personal or mixed . . . is subject to taxation . . . ." See also Art. 7174. It is well settled that a deliberate decision to omit a particular class of property from the tax rolls and thereby from taxation constitutes the scheme of taxation an illegal one. *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 416–8 (1954); *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569, 573 (1954); *Hutt v. City of Rocksprings*, 552 S.W.2d 583, 585 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *Bynum v. Alto ISD*, 521 S.W.2d 656, 658–9 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.).

We are of the opinion that the record indicates that the method, plan or scheme used by the City and School District is, as a matter of law, in violation of the Constitution and statutes of Texas and therefore illegal. As a result we believe appellants have met the first half of their burden by showing that they have a probable right to relief on a trial on the merits of their case.

■ The second part of appellants' burden of proof, that they show that probable substantial injury would result to them if the illegal plan of taxation were put into effect, is addressed by their third, fourth, and fifth points of error. Points three and five assert error by the trial court in refusing to issue the temporary injunction so as to maintain the status quo until trial could be had on the merits because the undisputed evidence showed appellants have suffered and will probably suffer substantial injury as a result of the plan of taxation employed by the City and School District. Point four complains of error in the refusal of the temporary injunction since the undisputed evidence showed a probable right and a probable wrong, and of an abuse of discretion in the failure by the trial court to apply the law to the facts. Appellants claim that they have shown a right to have personal property taxed and a wrong in that appellees refused to tax personal property.

Appellants' arguments are appealing, but their proof is lacking. Even though the taxpayer has shown the tax plan to be illegal, he must also show how the illegality damages him, i. e., that he probably will be damaged or injured. *Johnson City ISD v. Crider*, 535 S.W.2d 725, 728 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.). While it is

obvious that *someone* was injured by this arbitrary and illegal plan of taxation, the individual appellants presented no evidence to show that they themselves were injured or that they would suffer probable injury.

The only witness who testified regarding the effect the tax plan would have on her personally was Marietta Cumby, the wife of one of the individually named plaintiffs below but not a named plaintiff herself. She testified on direct examination that she owned approximately $170,000 worth of real property and no personal property. On cross-examination she stated that she owned personal property consisting of not more than $250 in a bank account and a pickup truck. Only one of the individual plaintiffs testified in the trial court. John Cumby, husband of Marietta Cumby, was called apparently only to discredit or impeach the previous witness, the tax assessor-collector, concerning a conversation between them. On direct examination Cumby stated that he lived in the city and school district, that he went to the tax office to render his property, and that he had a conversation with the tax assessor-collector in which he asked if any personal property were taxed by the city or school district and received the reply that only business personal property in the amount of $12,000,000 was taxed and no individual personal property was taxed. On cross-examination Cumby stated that he did not render any personal property and that he had personal property consisting of cash, a car and a bank account. Cumby was later recalled to state how he came into possession of some copies of financial statements published by savings and loan associations in Palestine. This is the extent of the testimony of the only individual appellant who appeared in the trial court as a witness.

None of the three individual appellants testified as to the amount of real property that they might have owned. None of them testified concerning their personal property except Cumby on cross-examination. There was no proof that any of the individual appellants were or probably would have been substantially injured by the application of the City and School District's tax plan to them.

Evidence was admitted to show the amount of money on deposit in the three banks in Palestine and it was shown that these deposits were not placed on the tax rolls. Appellants argue that this amount of some $60,000,000 in personal property (bank deposits), if added to the $70,000,000 of property on the tax rolls would reduce the tax bill of appellants by 46 per cent, that this results in a substantial benefit to appellants, and that the failure to add said deposits to the tax rolls will result in substantial injury to appellants.

Appellants rely on *Whelan v. State, supra,* and argue that the omission of several million dollars in bank deposits from the tax rolls would result in substantial injury to them. *Whelan* was not a temporary injunction case as we have here; but was a trial on the merits. A close reading of that opinion, however, indicates that the court there held that the complaining taxpayer must show substantial injury to himself. In the instant case none of the appellants showed that he had such a preponderance of taxable real property over taxable personal property that he would probably suffer substantial injury by the plan of taxation.

We recognize that the burden of proof in a hearing on application for temporary injunction is not as great as that in a trial on the merits, *Davis v. Huey, supra,* but here there was presented no evidence at all of injury or probable injury to appellants themselves. We hold, therefore, that the trial court did not abuse its discretion in holding that appellants have failed to meet their burden of proof with regard to a showing of probable substantial injury so as to entitle them to a temporary injunction pending a trial on the merits. Appellants' points of error three, four and five are overruled.

By their point of error eight, appellants assert error by the trial court in refusing the temporary injunction since the illegal plan of taxation deprived them of their rights under the Constitution and statutes

of the State of Texas. The argument here appears to be that deprivation of constitutional rights may constitute the required probability of substantial injury. The case law in this state, however, holds uniformly that the injury required to be shown must be a pecuniary one. The holdings are to the effect that those attacking a plan of taxation as illegal must show that, as a result of such plan, they are or would be required to pay more than their fair share of the taxes. See, e. g., *Lancaster ISD v. Pinson*, 510 S.W.2d 380 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.). It is by virtue of their being required to shoulder a disproportionate tax burden that their constitutional and statutory rights to equal and uniform taxation are violated. *Lively v. Missouri, Kansas & Texas Railway Co. of Texas, supra.* Appellants' point of error eight is overruled.

In our view the record demonstrates that appellants did not meet their second burden of showing a probable injury to themselves.

We have considered all of appellants' points, and in reviewing the record before us here, we are of the opinion that the trial court did not abuse its discretion in denying appellants' application for a temporary injunction.

Judgment of the trial court is affirmed.