**CITY OF PORT ARTHUR et al., Appellants,**

v.

**Walter MOSELY et al., Appellees.**

**No. 8396.**

Court of Civil Appeals of Texas, Beaumont.

Aug. 6, 1979.

---

Robert Q. Keith, Beaumont, George B. Wikoff, Port Arthur, for appellants.

Kermit C. Morrison, Jr., Port Arthur, for appellees.

PER CURIAM.

Defendants below have appealed from an order granting a "Writ of Temporary Injunction Both Prohibitory and Mandatory" restraining the assessment and collection of ad valorem taxes by the City of Port Arthur. Suit was brought by two taxpayers on behalf of themselves and as representatives of all other taxpayers similarly situated. Plaintiffs proceeded under *Tex.R. Civ.P. 42.* We do not address the class action question in this interlocutory appeal.

After a show cause hearing, the trial court granted plaintiffs all of the relief they sought. Defendants appealed, moved for an early submission, and we took the case under submission upon a complete record thirteen days after the entry of the order in the trial court. *Tex.R.Civ.P. 385(d).*

City of Port Arthur is a Home Rule City with many thousands of parcels of property upon its tax rolls, the total assessment amounting to almost a billion dollars. The greater portion of the property is located in the area of City prior to the time two smaller towns were annexed. Lakeview and Pear Ridge were annexed in 1977, and the controversy centers on the alleged disparity of treatment of property in the original city and that in the newly annexed areas of Lakeview and Pear Ridge.

Plaintiff Mosely did not render his property for taxation in the year 1979; but, when he received notification that the assessed value of his property had been increased from $28,300 as used in 1978 to $48,800 for 1979, he appeared before the Board of Equalization and complained. He received no relief. He does not complain that his property was assessed at a figure in excess of market value.

Plaintiff Lewis testified that his valuation was increased from $9,480 to $13,200. The record is silent as to whether he rendered his property for taxation, whether he appeared before the Board of Equalization, and as to the value of his property.

Except as indicated above, neither plaintiff gave any testimony or offered any evidence as to the market value of his own or any other property in the city. The only effort to prove valuations of property in Lakeview or Pear Ridge consisted of the proffer of what plaintiff Mosely termed to be appraisal cards he said that he obtained from the tax office. Plaintiffs made no attempt to prove the authenticity or accuracy of such "valuations". The court sustained defendants' objection to such cards and they were not admitted in evidence to show actual value. Plaintiffs now complain of the exclusion of this "evidence" in their crosspoint.[1] Even if the trial court had admitted the cards into evidence for all purposes, such would not have supported a finding of fact or a judgment. *Texas Co. v. Lee,* 138 Tex. 167, 157 S.W.2d 628, 631 (1941).

Instead of proving the value of their own property and offering evidence of the value of other properties in the district to show an invidious discrimination, plaintiffs were

---

1. We find no merit to plaintiffs' present complaint as stated in their crosspoint and it is overruled. See *Aycock v. Travis County,* 255 S.W.2d 910, 912 (Tex.Civ.App.—Austin 1953, writ ref'd); *Superior Oil Co. v. Sinton Ind. School Dist.,* 431 S.W.2d 383, 388 (Tex.Civ. App.—Corpus Christi 1968, no writ).

granted relief upon allegations and proof: (1) that when two small towns on the perimeter of City (Lakeview and Pear Ridge) had been annexed, officials of City promised the residents of such towns that their property valuations would not be increased for a period of five years if the annexation carried at the polls; and (2) City had entered into an agreement with Port Arthur Independent School District to reappraise the property within the city limits and that the District had done so.

Further proof was made to the effect that property in Lakeview and Pear Ridge (as well as a few other areas of City) had not been increased for the year 1979, while valuations inside the "old" city limits (i. e., City as it existed before the annexation of Lakeview and Pear Ridge) had been increased.

At the conclusion of the hearing, the trial court entered a lengthy order granting plaintiffs the temporary injunction which they had sought, and also granted a mandatory injunction which plaintiffs sought only upon the final hearing on the merits. Defendants were restrained from completing the tax roll without including all of the property in the city upon the same basis—namely, the reevaluation figures supplied by the school district.

Further, the defendants were "affirmatively and mandatorily ORDERED, RESTRAINED and ENJOINED to include" in the tax rolls all property in the former towns of Lakeview and Pear Ridge at "their reasonable fair market value."[2] Upon oral submission, plaintiffs' counsel, with commendable candor, declined to argue in support of the mandatory provision found in the order granting the temporary injunction.

■ At the outset of our discussion we give full recognition and application of the rule governing appellate review of orders granting temporary injunctions as articulated in the recent cases of *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978), and *Brooks v. Expo Chemical Co., Inc.*, 576 S.W.2d 369, 370 (Tex.1979):

"[S]uch review is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in determining whether the applicant is entitled to a preservation of the status quo pending trial on the merits . . . ."

Having reviewed the record under the standards set out for our guidance, we find a clear abuse of discretion by the trial court and now reverse the judgment granting the temporary injunction (both prohibitory and mandatory) and dissolve said injunction for the reasons now to be stated.

Our basic disagreement with the trial court is expressed in this statement taken from *Johnson City Ind. School Dist. v. Crider*, 535 S.W.2d 725, 727 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.):

"Although the broad findings made by the court could well support its order if based on sufficient evidence, we can find no evidence in this record to sustain the injunction . . . ."

■ We readily agree that a taxpayer may obtain injunctive relief to prevent the imposition of an illegal levy upon his property when it is based upon a fundamentally wrong principle or method. Indeed, we have recognized the rule upon several occasions. See, e. g., *Montgomery County v. Humble Oil & Refining Co.*, 245 S.W.2d 326 (Tex.Civ.App.—Beaumont 1951, writ ref'd n. r. e.); *Atlantic Richfield Co. v. Warren Ind. School Dist.*, 453 S.W.2d 190 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.); *Owens-Illinois, Inc. v. Little Cypress-Mauriceville Ind. School Dist.*, 481 S.W.2d 477 (Tex.Civ.App.—Beaumont 1972, no writ). See also *Gibson v. Kountze Ind. School Dist.*, 552 S.W.2d 588 (Tex.Civ.App.—Beaumont 1977, no writ).

---

2. A separate paragraph of the order reads: "It is further ORDERED by the Court that each and every one of the above-named Defendants follow and comply with, as applicable, Articles 1036, 1044, 1049, 1050, and 1055, as well as the language, spirit, and philosophy of Articles 7211 and 7212." See and compare *Tex.R.Civ.P.* 683; *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967); *Villalobos v. Holguin*, 146 Tex. 474, 208 S.W.2d 871, 875 (1948).

We have mentioned earlier that plaintiffs studiously avoided offering proof of the market value of their own parcels of land. Instead, all that was shown was that some values had been increased while others remained unchanged. Justice Stephenson, speaking for this Court in *Gibson v. Kountze Ind. School Dist.*, supra, compared that case with and quoted from *Lancaster Ind. School Dist. v. Pinson*, 510 S.W.2d 380 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.):

> " 'If the plan is attacked on the ground of inequality of assessment, however, proof of actual market value of plaintiff's property is necessary, since without such proof no discrimination is established.' 510 S.W.2d 383 (Emphasis ours)" (552 S.W.2d at 592)

■ The authorities are unanimous in holding that a taxpayer may not prevail in an action such as this in the absence of proof of the market value of his own property *and* a showing of discrimination resulting in substantial injury as compared to other taxpayers in the unit. See, e. g., *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 417 (1954);[3] *Anderson County Taxpayers' League v. City of Palestine*, 576 S.W.2d 679, 683 (Tex.Civ.App.—Tyler 1979, no writ); *Johnson City Ind. School Dist. v. Crider*, supra (535 S.W.2d at 728–729); *Bynum v. Alto Ind. School Dist.*, 521 S.W.2d 656, 660 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); *Sierra Blanca Ind. School Dist. v. Sierra Blanca Corp.*, 514 S.W.2d 782, 785 (Tex.Civ.App.—El Paso 1974, writ ref'd n. r. e.); *Atlantic Richfield Co. v. Warren Ind. School Dist.*, supra (453 S.W.2d at 196–197).

■ The foregoing list of authorities could be expanded but it is sufficient to state at this point, unequivocally, that in the absence of proof of the market value of the plaintiffs' property it is an abuse of discretion on the part of the trial court to grant an injunction, even upon proof of the adoption of an illegal plan of taxation.[4] In the absence of such proof, the plaintiffs have failed to establish the sine qua non of their case—proof of a discriminatory assessment of their own property.

■ The taxpayer-plaintiffs did not have the burden of showing the value of each piece of property in the city in order to prevail; they could have made out a prima facie case for the injunction by showing that a fair sample of the property in one area was assessed without regard to market value while theirs was assessed at more than market value which resulted in their substantial injury. *Atlantic Richfield Co. v. Warren Ind. School Dist.*, supra (453 S.W.2d at 198).

■ For aught that appears in this record, the property of plaintiffs may have been undervalued while the property elsewhere (in Lakeview and Pear Ridge) was overvalued. Even if it were to be shown that the plan adopted by City was illegal (a matter which we do not determine upon this interlocutory appeal), plaintiffs would have discharged but half their burden of establishing their right to the temporary injunction. They had the additional burden of offering evidence tending to prove that they have a probable right thereto on final hearing and will suffer probable injury in the interim. *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683, 686 (Tex.1968); *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968).

■ Plaintiffs did not allege nor did they attempt to make proof of discrimination or substantial injury; indeed, in the absence of pleading and proof of their own property

3. This Court's opinion in *Montgomery County v. Humble*, supra, was approved specifically in *Cannon*. 153 Tex. 566, 271 S.W.2d at 417.

4. In *Sierra Blanca*, supra, the trial court concluded that the taxing agency had adopted an arbitrary and discriminatory plan by assessing all ranch lands north of IH 10 at $30 an acre, and all such lands south of IH 10 at $20 per acre. The El Paso Court approved such finding. In this context, Justice Ward, speaking for the court, wrote: "The ranch owning taxpayers must show only substantial injury by reason of the adoption of the illegal plan, and *to do this they must establish the value of their own property.*" (514 S.W.2d at 785, emphasis supplied)

values as contrasted with other valuations, plaintiffs did not establish any right to the temporary injunction. See and compare *Anderson County Taxpayers' League v. City of Palestine*, supra.

The parties did not join issue on the validity of the "agreement" between Port Arthur officials and the residents of Lakeview and Pear Ridge as to the maintenance of the assessed values in such areas. Plaintiffs assume and argue, even in their post-submission brief filed in this Court on August 1, 1979, that such "agreement" was binding and effectively "froze" valuations in the former towns. City, on the other hand, argued that its cyclical method of reappraisement was the reason for the reappraisal of plaintiffs' properties in the "old town" and its failure to reappraise in the newly annexed areas for the tax year 1979.

In this interlocutory appeal, we do not pass upon the validity of either question posed—the so-called "agreement" or the "cyclical" method of appraisement. A hearing upon an application for a temporary injunction is a poor substitute for a trial upon the merits of such an action as is represented by this case. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 421–422 (1959); *Briscoe Ranches, Inc. v. Eagle Pass Ind. School Dist.*, 439 S.W.2d 118, 120 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). A determination of such questions must await a full development of the facts upon a trial on the merits.

Plaintiffs, by their timely action in seeking relief before completion of the tax rolls, have avoided the more onerous burden which would have been imposed had they sought to urge such matters in defense of suits for delinquent taxes. *Owens-Illinois, Inc. Case*, supra (481 S.W.2d at 482), and authorities therein cited.

For the reasons herein set forth, the judgment of the trial court granting the temporary injunction is reversed and said temporary injunction, in its entirety, is dissolved. All costs are assessed against plaintiffs and the sureties upon their injunction bond.

Reversed and temporary injunction dissolved.

CLAYTON, J., not participating.