**LUMBERTON INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**Harold D. BEAN et al., Appellees.**

**No. 8616.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 11, 1980.

Rehearing Denied Jan. 8, 1981.

**552**

Tanner Hunt, Beaumont, for appellants.

L. Roger Ratliff, Silsbee, for appellees.

DIES, Chief Justice.

Harold D. Bean and a group identified only as the "Citizens for Equalization, a committee or organization comprised of owners of land lying along and adjacent to Highway 96 in the Lumberton Independent School District, Hardin County, Texas," plaintiffs below, sued the Lumberton Independent School District, its Board of Trustees, its tax Assessor-Collector, and its Board of Equalization, all as defendants below, in August 1980, alleging that in April 1980 defendants reevaluated all frontage land lying east and west on Highway 96 in the district (between Pine Island Bayou and Village Creek) to 50 cents a square foot and that such was arbitrary and capricious. Plaintiffs prayed for a temporary injunction to prohibit carrying this out and, following notice and hearing, a permanent injunction.

* We note that when the trial court granted the temporary injunction which halted the levy, assessment, and collection of all taxes in the district, the class-action procedure required by Tex.R.Civ.P. 42 had *not* been complied with.

On August 13, 1980, the trial court entered a temporary restraining order, which after a hearing was made a "Temporary Injunction" on October 17, 1980. It is from this temporary injunction the defendants below bring this appeal. The parties hereto will be referred to as they were below. We have advanced submission in this cause as permitted by statute.

Defendants' first point is "the trial court abused its discretion in granting a temporary injunction inasmuch as there is no evidence that the named plaintiffs or the members of the certified class will suffer substantial injury as a result of the Tax Assessor-Collector's proposed plan of taxation." *

The proposed plan of the Tax Assessor-Collector was to appraise a strip of 209 feet on each side of the highway at 50 cents a square foot, for 1980, and to reevaluate the property in the district but off the highway in 1981. The testimony shows that the highway strip is a "Hot Spot," and is commercializing rapidly. Its value at this time is almost entirely commercial.

In *City of Port Arthur v. Mosely,* 586 S.W.2d 915, 919 (Tex.Civ.App.—Beaumont 1979, no writ), we said:

"The authorities are unanimous in holding that a taxpayer may not prevail in an action such as this in the absence of proof of the market value of his property and a showing of a discrimination resulting in substantial injury as compared to other taxpayers in the unit. . . .

"The foregoing list of authorities could be expanded but it is sufficient to state at this point, unequivocally, that in the absence of proof of the market value of the plaintiffs' property it is an abuse of discretion on the part of the trial court to grant an injunction, even upon proof of the adoption of an illegal plan of taxation.

Consequently, we do not reach nor do we decide the standing of the several individuals who assert membership in the committee mentioned at the outset of this opinion.

See also *Lancaster Independent School District v. Pinson*, 510 S.W.2d 380, 382 (Tex. Civ.App.—Dallas 1974, writ ref'd n. r. e.); *Bynum v. Ind. Sch. Dist. of Alto, Cherokee Cty.*, 521 S.W.2d 656 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.).

In the case at bar, plaintiffs made no attempt to show that the valuation of their land was less than the proposed valuation. (Actually the Board had determined to set the value at 40 cents a square foot for a 150 foot strip, rather than that proposed by the tax collector.)

The determination to reevaluate the District in two cycles has been held to be legal. See *Brunken Toyota, Inc. v. City of Lubbock*, 558 S.W.2d 523 (Tex.Civ.App.—Eastland 1977, writ ref'd n. r. e.); *Parker v. Board of Trustees of Odessa Junior College*, 584 S.W.2d 569 (Tex.Civ.App.—El Paso 1979, writ ref'd n. r. e.); *Gibson v. Kountze Independent Sch. Dist.*, 552 S.W.2d 588 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.).

Needless to say, if plaintiffs can show harm at the trial on the merits, their rights will be fully protected.

We sustain defendants' first point, dissolve the temporary injunction, and remand the cause for trial on the merits.

REVERSED and REMANDED.