Thomas W. TWIFORD, Jr., Appellant,

v.

NUECES COUNTY APPRAISAL DISTRICT and Appraisal Review Board of Nueces County, Appellees.

No. 13–86–308–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 8, 1987.

Rehearing Denied Feb. 19, 1987.

Larry G. Hyden, Harris, Cook & Browning, Corpus Christi, for appellant.

Charles W. Cromwell, Wade & Cromwell, Corpus Christi, and Robert L. Lemens, Asst. Atty. Gen., Austin, for appellees.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellees placed appellant's boat on the tax rolls and assessed an ad valorem tax on the boat. The district court upheld the taxation. Appellant brings nine points of error. We affirm the judgment of the trial court.

The first issue before this Court is whether or not a boat used exclusively for recreational purposes is subject to ad valorem taxation. Appellant argues that the boat is exempt from taxation because it is a personal effect not held or used for the production of income, pursuant to Tex. Const. art. VIII, § 1.

■ Section one of article VIII provides that, *"All real property and tangible personal property* in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law (emphasis ours)." Section one proceeds to mandate the Legislature, by general law, to exempt (1) household goods not held or used for the production of income and (2)

personal effects not held or used for the production of income.[1] Tex.Tax Code Ann. § 11.14 (Vernon 1982) is the legislative response mandated by section one of article VIII.

Section 11.14(b) of the Tax Code also defines "household goods" and "personal effects." "When given the power to implement constitutional provisions, the legislature may define terms which are not defined in the constitution itself, provided its definitions constitute reasonable interpretations of the constitutional language and do not do violence to the plain meaning and intent of the constitutional framers." *Swearingen v. City of Texarkana,* 596 S.W.2d 157, 160 n. 1 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); *accord Santa Rosa Infirmary v. City of San Antonio,* 259 S.W. 926, 931 (Tex.Comm'n App.1924, holding approved); *cf. Hilltop Village, Inc. v. Kerrville Independent School District,* 426 S.W.2d 943, 946–48 (Tex.1968) (must qualify as an exemption by considering the constitutional and statutory requirements).[2]

Personal effects are defined as:

[T]angible personal property that normally is worn or carried by an individual or that is used by an individual in personal, recreational, or other activities that do not involve production of income. "Personal effects" does not include a motor vehicle, boat, or other means of transportation, a trailer that must be registered for operation on a highway, or a mobile home or similar vehicle designed for occupancy as a dwelling.

Under the legislative definition, boats are not "personal effects." Appellant's argument is replete with the incorrect presupposition that a boat is a "personal effect." "Personal effects" is not equivalent to "personal property."

■ In general, "personal property" is everything that is subject to ownership,

---

1. It is undisputed that the boat in question does not qualify as personal property homestead that the Legislature *may* exempt from taxation, pursuant to section one of article VIII. *See, e.g.,* Tex.Tax Code Ann. §§ 11.13, 11.15, 11.16, 11.-161, & 11.25 (Vernon 1982 & Supp.1986).

2. *City of McAllen v. Evangelical Lutheran Good Samaritan Society,* 530 S.W.2d 806, 811 (Tex. 1975), overruled *Hilltop Village, Inc.* on the issue of the requisites of a charter declaration for a charitable taxation exemption.

except real estate. However, "personal effects" are something less, usually property associated with the person, such as clothing, jewelry, and baseball gloves. The legislature's definition of "personal effects" is a reasonable interpretation of the constitutional language. *Cf. Crisp v. Security National Insurance Co.*, 369 S.W.2d 326, 328 (Tex.1963); *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 304–305 (Tex.1963) (the Supreme Court discusses personal effects as that property intimate to the owner that has no market value).[3] It should also be noted that an exemption from taxation must affirmatively appear, and all doubts are resolved in favor of the taxing authority and against the claimant. *Bullock v. National Bancshares Corp.*, 584 S.W.2d 268, 272 (Tex.1979), *cert. denied*, 444 U.S. 1016, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980). "The burden of proof is on the claimant to show that it comes within the statutory exemption." *Id.*

Further, appellant argues that "principles of statutory construction" require that the word "boat," as used in Section 11.14(b)(2), be limited to boats used as a "means of transportation." Appellant misconstrues the doctrine of *ejusdem generis*, as discussed in *Gulf Insurance Co. v. James*, 185 S.W.2d 966, 969 (Tex.1945), and *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 272 (1944). In a statute, where general words follow a designation of particular subjects, the meaning of the general words will be restricted by the particular designation in the statute. The words of general import do not restrict the particular designations as appellant argues.

The second issue before this Court is whether or not the taxation of appellant's boat violates the equal protection provisions of Tex. Const. art. I, § 3. Appellant argues that the taxing authority failed to tax other recreational personal property that comes within the classification of "means of transportation." [4]

The equal protection provision of the Texas Constitution recognizes the power of the legislature to make classifications, and requires that such classifications must not be unreasonable, arbitrary, or capricious.[5] *American Transfer & Storage Co. v. Bullock*, 525 S.W.2d 918, 925 (Tex.Civ. App.—Austin 1975, writ ref'd). The evidence in this case does not raise an issue of unreasonable or arbitrary classification,[6] but rather that within the classification all property is not taxed uniformly. Section one of article VIII requires that taxation shall be equal and uniform.

A taxpayer may seek relief from an arbitrary plan of taxation. However, a taxpayer may "defeat the recovery of taxes only to the extent that they are excessive and he must assume the burden of proving excessiveness." *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 417 (1954); *see State v. Federal Land Bank*, 160 Tex. 282, 329 S.W.2d 847, 850 (1959); *Anderson County Taxpayers' League v. City of Palestine*, 576 S.W.2d 679, 685 (Tex.Civ.App.—Tyler 1979, no writ). "It is by virtue of their being required to shoulder a disproportionate tax burden that their constitutional and statutory rights to equal and uniform taxation are violated." *Anderson County Taxpayers' League*, 576 S.W.2d at 685.

Appellant failed to meet this burden. He did not show that the arbitrary plan caused him substantial, pecuniary injury; that he

---

**3.** Further, the constitutionally mandated exemption conjunctively designates "household goods" and "personal effects", indicating that "personal effects" are not equivalent to personal property. Otherwise, "personal effects" would consume the category of "household goods."

**4.** Such as: "roller skates, skateboards, bicycles, motorcycles, dirt bikes, all terrain or off-road cycles, surfboards, sailboards, jet skiis [sic], ultralight airplanes, and golf carts."

**5.** Appellant does not raise an equal protection claim under the Constitution of the United States, but we note that the same requirements attend both provisions. *See Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 359–60, 93 S.Ct. 1001, 1003–04, 35 L.Ed.2d 351 (1973).

**6.** The taxing authority does not deny that those items listed in footnote four may very well come within the same classification as appellant's boat. However, the taxing authority admits that they do not assess taxes against those objects.

was required to pay more than his fair share of the taxes. *Federal Land Bank,* 329 S.W.2d at 852; *City of Arlington,* 271 S.W.2d at 418; *Anderson County Taxpayers' League,* 576 S.W.2d at 685. There is no evidence of valuation or excessive tax burden to show substantial injury. We overrule appellant's points of error.

The judgment of the trial court is affirmed.

BENAVIDES, J., not participating.